JOHN PURYEAR, plaintiff in error, *vs.* A. C. CLEMENTS *et al.*, defendants in error.

1. The use of a private way through the improved lands of another for a period of seven years, to constitute a prescriptive right, must be shown to have been uninterrupted.
2. Where a private way was established at the instance and expense of the defendant, he is not bound to keep the same in repair through his own land for the benefit of those who may have acquired a prescriptive right to use the same.

Roads and bridges. Prescription. Ways. Before Judge UNDERWOOD. Walker Superior Court. February Term, 1874.

For the facts of this case, see the decision.

DABNEY & FOUCHE, for plaintiff in error.

A. B. CULBERSON, for defendant.

Puryear *vs.* Clements *et al.*

WARNER, Chief Justice.

This case came before the court below on a *certiorari* from the decision of the commissioners of roads and revenue for the county of Walker. The court, after hearing the *certiorari* and the answer of the commissioners, dismissed it, and the plaintiff excepted. It appears from the record that in the year 1854, Puryear, the plaintiff in *certiorari*, had a private way established by an order of court for his individual use and benefit, partly on his own land and on the land of other persons; that the damages were regularly assessed for the injury done to the land of the other persons by the establishment of the private way, and paid for by him. Afterwards, Clements and Rosser, as the evidence shows, used the defendant's private way for more than seven years. It also appears, from the evidence in the record, that Puryear had recently put two gates across said private way, and had recently removed a causeway across a ditch, which he had previously put there for his own use, both of which were on his own land. It also appears from the evidence in the record, that one end of the causeway had fallen down so as to render it unsafe and dangerous to cross on it, and that Puryear had removed it to prevent injury to his stock and to persons crossing it, but had not prevented any one from passing around the ditch and causeway through his field, but had told Rosser and Clements when they passed along there to be certain and keep the old road. The commissioners ordered Puryear to remove the gates across the road and restore the causeway within forty-eight hours, and in default thereof, that the sheriff be ordered to do so.

1. The jurisdiction of the commissioners of Walker county over the subject matter was conferred by a special act of the general assembly. That the private way was originally established at the instance of Puryear for his own use and benefit, and paid for by him, there can be no doubt, and the question is, whether Rosser and Clements have the right to use that private way, as against the rights of Puryear. They claim

the right to do so by prescription, on the ground that they have used it for more than seven years. The 3235th section of the Code declares that the right of private way over another's land may arise from express grant, or from prescription, by seven years uninterrupted use through improved lands, or twenty years use over wild lands. The 737th section of the Code declares that whenever a private way has been in constant and uninterrupted use for seven years or more, and no legal steps have been taken to abolish the same, it shall not be lawful for any one to interfere with said private way. The private way in this case was not established at the instance or for the benefit of the plaintiffs, but at the instance of the defendant and for his benefit, and the plaintiffs claim the right to use the defendant's private way, as against him, by prescription. How, or in what manner, the plaintiffs have used the defendant's private way does not appear; whether they have used it on foot, or on horseback, or with carriages or wagons, or for what purpose, the evidence does not disclose. All that the evidence shows is, that it had been used by them for more than seven years. The evidence does not show that they have had the constant and *uninterrupted use* of the defendant's private way, for any purpose, for seven years, which is necessary to give them a prescriptive right to use it.

2. The defendant had the right to remove the causeway put across the ditch on his private way for his own benefit and convenience, when it became dangerous, to protect his stock from injury, as well as to protect himself from damages to other persons who might suffer injury in consequence of its dangerous and unsafe condition, provided that by so doing he did not interfere with the rights of others, and if the plaintiffs had shown that they had a good prescriptive right to use the defendant's private way by the constant and *uninterrupted use* thereof for seven years, still, they would not have had any prescriptive right to require the defendant to have restored the causeway across the ditch for their benefit. The defendant was not bound to keep his private way in order for the benefit

Puryear *vs.* Clements *et al.*

of the plaintiffs at his own expense and trouble. If the plaintiffs had a good prescriptive right to use the defendant's private way, then the defendant would not have had the right to obstruct their use of it by the erection of gates thereon; but the obstruction of the private way by the erection of gates thereon is quite a different thing from removing a dangerous causeway, put there for his own convenience, when it was necessary for the protection of his own property and interest. All that can be said is, that the removal of the defendant's causeway might make it less convenient or more troublesome for the plaintiffs to use his private way, but if they have the prescriptive right to use it, then it is as much their duty to keep it in order for their own use and benefit as it would be for the defendant to do so, and, in our judgment, more so. The defendant is not bound to keep his private way in order for the use of the plaintiffs, and for their benefit. If the plaintiffs have a prescriptive right to use the defendant's private way, by proof of the constant and *uninterrupted use* thereof for seven years, then they would have the right to keep it in repair for their use, and the defendant would not have the right to prevent them from building a causeway across the ditch on the private way because it was on his land. The plaintiffs cannot require the defendant to rebuild the causeway for their benefit, nor can the defendant (if the plaintiffs have a prescriptive right to use the private way,) prevent the plaintiffs from rebuilding the causeway for their own benefit, if they should desire to do so, and when built, all parties having the right to use the private way would be entitled to do so. This is not a case in which the owner of land over which a private way has been established or used, is seeking to close it up, but it is a case in which the plaintiffs are claiming to use the private way of the defendant, established for his private use and benefit, and paid for by him; and, therefore, it is not within the provisions of the 731st and 732d sections of the Code. In our judgment, the court erred in dismissing the *certiorari* on the statement of facts disclosed in the record.

Let the judgment of the court below be reversed.