BENJAMIN F. SALTER, plaintiff in error, *vs.* E. TAYLOR, defendant in error.

1. The stopping or impeding a private way is a private nuisance.
2. Such a nuisance may be abated by a proceeding before two justices of the peace and a jury, under sections 4094 and 4098 of the Code.

Nuisance. Roads and bridges. Before Judge CLARK. Lee Superior Court. November Term, 1874.

Reported in the opinion.

COOK & CRISP; GEORGE KIMBROUGH, for plaintiff in error.

R. F. LYON; G. W. WARWICK, for defendant.

JACKSON, Judge.

Taylor contracted with Salter for a right of way through the latter's land, and it was laid out, and Taylor incurred some expense in causewaying a part of it. He used it for two years, when Salter erected a fence across it. Taylor proceeded under section 4094 and the subsequent sections in the same chapter of the Code, to have the fence abated as a nuisance, by a petition to two justices of the peace, who summoned a jury, and they passed upon the case, and the fence was, by order of the court, under the finding of the jury, to be abated. Salter carried the case by *certiorari* to the superior court; that court sustained the verdict and judgment below, and this ruling is assigned for error here.

1. Was the fence a private nuisance? Blackstone says, "a nuisance signifies anything that worketh hurt, inconvenience, or damage." And again he says, "If I have a way annexed to my estate, across another's land, and he obstructs me in the use of it, either by totally stopping it, or putting logs across it, or plowing over it, it is a nuisance:" Chitty's Blackstone, 3d book, 215, 218. This fence then was a nuisance.

2. Did Taylor pursue the proper remedy? By the common law, he could have sued in case for damages, or he could have had a writ, called an *assize of nuisance,* commanding the sheriff to summon a jury, to try the case and abate the nuisance, if found to be one: Chitty's Blackstone, 221. The remedy is very similar with us. The petition is addressed to two justices of the peace, who summon the jury, try the case, and abate the nuisance; or if the injured party wish, he may sue in case. In this case he proceeded to abate the nuisance under the Code, sections 4094, 4098. This court has decided that he has this remedy to abate a private nuisance: 50 *Georgia Reports*, 130.

Judgment affirmed.