HART *et al.*, Justices, *vs.* TAYLOR.

1. A neighborhood road used by a settlement of people, great or small, is not a public road in the sense of the Georgia Code and in the common parlance of our people, and the case of *Salter vs. Taylor,* 55 *Ga.*, 310, therefore covers and controls this case.

2. The question being whether the justices had jurisdiction to abate the nuisance complained of, the superior court should not interfere by prohibition. Should the justices err, the remedy is by *certiorari* —(R.)

Roads and bridges.   Nuisance.   Jurisdiction.   Prohibition.   Before Judge Tompkins.   Chatham Superior Court. February Term, 1878.

Smith *et al.*, petitioned Hart and Buckner, justices, to abate a nuisance alleged to have been created by Taylor, in obstructing their neighborhood road. He applied to the superior court for a writ of prohibition, on the ground that the justices had no jurisdiction. It was granted and they excepted.

A. P. & S. B. Adams, for plaintiffs in error, cited, 55 *Ga.*, 310–11; Code, §597; acts 1833, p. 188; High on Ex. Rem., §§765, 767, 773; 29 Ala., 52; 33 *Ib.*, 76; 8 Bac. Abr., 212 (Prohibition E.); 1 Mod., 81; 1 Show. P. C., 10; 6 Mod., 146; 12 Ark., 70; 26 *Ib.*, 52; 4 *Ib.*, 540.

J. R. Saussy, for defendant, cited, Jenkins' Reps.,

37; Code, §§4094–8, 3000, 2997–8, 4562; 42 *Ga.*, 631–6; 40 *Ib.*, 87–9; 50 *Ib.*, 156, 130; 36 *Ib.*, 898; 33 Ind., 80; 28 *Ib.*, 398; Code, §§650–1; 55 *Ga.*, 310; acts 1833, p. 188; acts 1872, p. 60; Code, §738.

Jackson, Justice.

The sole question made by this record is, did the justices of the peace, with a jury of twelve men, have jurisdiction to abate the stopping of a way that certain parties claimed as an easement of theirs, by piling up dirt and manure and building fences thereon, as a nuisance?

The road is described as a neighborhood road, and an effort was made to take it out of the principle ruled in 55 *Ga.*, 310, in the case of *Salter vs. Taylor*, by arguing that such a road was public, not private.

Without considering the question what difference it would make if it were a public road, it is enough to say that in our view, and under our statutes, such a road is private and not public. See Code, §597 *et seq.*; also §721 to §741 inclusive. It is so used, too, in common parlance.

So that this case is covered by the case in 55 *Ga.*, above cited, and the principle there ruled rules the case here. That case was deliberately considered and determined by this court, and we are content that it stand as law until the legislature see fit to change it. No harm that we can see can result from it. If the justices erred, the remedy is by *certiorari* to the superior court, and thence to this court by bill of exception. So that all the courts are open to the contestants, and the nuisance had as well be tried and determined in that as in any other manner.

Whether the petition be demurrable or not, and whether the petitioners be entitled to their easement which they claim, or not, we do not now determine. The justices will do right with their jury upon these questions, and if they do not, parties have their remedy. All that we rule now is, that

the writ of prohibition, which ought never to be granted except upon a strong case clearly made out, of want of jurisdiction in the court sought to be prohibited, should not have been granted in this case.

Judgment reversed.