#### 1000.   JESTER *et al. v.* BAINBRIDGE STATE BANK.

The judgment in this case is controlled by the decision in *Jester* v. *Bainbridge State Bank,* ante, 469. Even if the plaintiff broke its agreement, the defendants were not thereby relieved from paying their notes. The exceptions to the judgment of the lower court are so entirely without merit that damages are awarded for delay.

Complaint, from city court of Bainbridge—Judge Harrell. January 6, 1908.

Submitted March 13,—Decided July 8, 1908.

*G. G. Bower, R. G. Hartsfield,* for plaintiffs in error.

*Russell & Hawes,* contra.

RUSSELL, J. The facts in this case are so intimately related to those in *Jester* v. *Bainbridge State Bank,* ante, that they need not be recounted here. This suit was brought to recover $400 on the two notes mentioned in the preceding case. According to the undisputed statement of the answer, but one inference could have been drawn. These notes were to have been paid on July 17, 1907, if no agreement had been made between the Bainbridge State Bank and the defendants. They were likewise to have been paid upon that date, by the express terms of the agreement relied upon by the defendants. Even if the agreement relied upon had been broken, as averred by the defendants, that would not relieve the defendants from their obligation to comply with their part of the contract. For the reasons stated in *Jester* v. *Bainbridge State Bank,* supra, the answer of the defendants, which is practically the same in this case as in that, can only be construed as a plea that the notes were sued on before maturity; which is totally without merit in the present case, because, from the statements of the defendants in their answer, the notes here involved were to be paid as a condi-

tion precedent to an extension on the other note. The court, there-
fore, did not err in sustaining the demurrers, striking the defend-
ant's plea, and entering judgment for the plaintiff.

. The writ of error is so wholly without merit that we can not
decline the motion of defendant in error to award the damages al-
lowed by law in cases of frivolous appeals.

*Judgment affirmed, with damages.*