# HILL v. MILLER.

1. Where one has used uninterruptedly a private way not over 15 feet in width through the improved lands of another for more than seven years, such person acquires a prescriptive right thereto.

2. Where prescriptive use is the basis of a private right of way, the character of the use during the prescribing period determines the right of the prescriber. Accordingly, where one has used a private way for more than thirty years through the improved lands of another without gates or other obstructions, the erection of gates or fences across such

way by another would give the prescriber the right to have such obstructions removed in the manner provided by law.

3. The court did not err in overruling the certiorari and in refusing a new trial.

DECEMBER 17, 1915.

Certiorari. Before Judge Wright. Walker superior court. October 2, 1914.

*R. M. W. Glenn* and *Earl Jackson,* for plaintiff in error.

*H. P. Lumpkin* and *Rosser & Shaw,* contra.

HILL, J. The petition of J. H. Miller, the plaintiff, addressed to the ordinary, alleged substantially as follows: The defendant, John H. Hill, is the owner of certain described land, and the plaintiff has a private way leading from his home through the land in possession of the defendant, and intersecting with a certain public road, the total length of which is about three fourths of a mile. The private way has been in constant and uninterrupted use of the plaintiff and was kept open and in repair by him on a permanent road-bed not over 15 feet wide for more than twenty-five years, and no legal steps have ever been taken to abolish the same. The defendant closed up the private way and obstructed it by placing a fence and gate across it. This is the only permanent way plaintiff has leading from his home to the county site of his county, and to mills, church, etc., and the way is a necessity. Plaintiff prayed for a rule nisi directed to the defendant, calling upon him to show cause why the obstructions should not be removed and the full use of the way be re-established. By amendment the plaintiff alleged, that the defendant had placed other obstructions in the way, namely, bricks and rocks, in addition to the gate and fence; that since the petition was served upon him he had placed another fence and gate across the way, thereby further obstructing it; that the way is now on the same 15 feet originally appropriated and continuously used and kept in repair by the plaintiff, and has been continuously used and kept in repair by the plaintiff and his employees for more than thirty years. The ordinary, after considering the evidence and briefs of counsel, ordered the obstructions removed. The defendant filed a petition to the superior court for a certiorari, on various grounds, among which are, (*a*) that the judgment of the ordinary holding that the gates are an obstruction, under the evidence, is contrary to evidence and contrary to law; (*b*) that it does not appear from the evidence that the route trav-

eled and located between the defendant's residence and his kitchen and dining-room had been used for as much as seven years and was not over 15 feet wide; (c) because the evidence was uncontradicted that the gates were not put there for the purpose of interfering with the travel of the plaintiff, but on the contrary the plaintiff was invited to come through, and was advised that it was not for the purpose of defeating the plaintiff in the use of an easement over the property as claimed by him, and plaintiff was advised that the gates were put there for the purpose of protecting the property of the defendant and not to interfere with the plaintiff's rights, and under the evidence it appeared that the gates were not an unreasonable obstruction, and the inconvenience of opening and closing the gates does not, in law, render them an obstruction inconsistent with the use of the way. The ordinary answered the certiorari and adopted the statement of the testimony of the witnesses as set out in the petition, with a few exceptions. As to these the ordinary answered that the plaintiff, Miller, testified that the road was not more than 15 feet wide; that he had known and used it for about forty years, and during that time had kept it in repair; that the gates complained of were not placed there to protect the defendant's cultivated lands, but to keep the stock away from his dwelling and outhouses; that a fence had for many years separated the fields from the road and protected the crops; and that another witness, Shaw, testified: "that the gates kept the stock away from Hill's dwelling and not his crops."

1. This case is here on exceptions to the overruling of an application for a writ of certiorari from the judgment of the ordinary in a proceeding for the removal of obstructions from a private way. Section 3641 of the Civil Code provides: "The right of private way over another's land may arise from express grant; or from prescription by seven years uninterrupted use through improved lands, or twenty years use over wild lands; or by implication of law when such right is necessary to the enjoyment of lands granted by the same owner; or by compulsory purchase and sale through the ordinary, in the manner prescribed by this Code." In the instant case the right of way arises from prescription by more than seven years uninterrupted use through the improved lands of the defendant. The evidence for the plaintiff tended to show that the way, not more than 15 feet wide, had been used and was kept up by the

plaintiff for more than thirty years. But it is insisted by the plaintiff in error that the erection of gates across the way is not intended by the defendant to prevent the owner from the use of the way, nor to interfere with his use thereof, but is solely for the protection of the property of the defendant, and is not such an obstruction as can be removed under the proceedings before the ordinary.

In *Puryear* v. *Clements,* 53 *Ga.* 232, the defendant had recently put two gates across the private way which was on the land of the defendant, besides removing a causeway which had been built across a ditch. The commissioners of Walker county, who had jurisdiction of the subject-matter, ordered the gates removed and the causeway restored. On hearing the certiorari in the superior court it was dismissed by the court. This court reversed the judgment of the superior court, on the ground that the plaintiffs could not require the defendant, who had built the causeway, to rebuild it for plaintiffs' benefit. But in delivering the opinion of the court, Warner, C. J., said, as to the obstruction by gates being erected across the way (p. 235) : "If the plaintiffs had a good prescriptive right to use the defendant's private way, then the defendant would not have had the right to obstruct their use of it by the erection of gates thereon." The decision just cited is controlling here, as to the question of gates constituting an obstruction to a private way.

The use of the private way without gates or other obstructions thereon for more than seven years is relied on in the present case. The evidence in the record is sufficient to establish that right. A prescriptive right of way must be determined according to the use during the prescribing period. Jones on Easements, § 415; Shivers *v.* Shivers, 32 N. J. Eq. 578. In the instant case the use of the way within the prescribing period was without gates, and accordingly the plaintiff has the right to the use of the way without its being obstructed by them. It follows that the defendant had no right, after the plaintiff had acquired such easement in the way by prescription, to obstruct it by putting a fence and gates across it. The court did not err in overruling the certiorari and refusing a new trial. Questions of possible changes in the fence laws, or as to prescriptive ways for special purposes, such as agricultural purposes, and whether they would affect the uses acquired by prescription, are not now before us for determination.

*Judgment affirmed. All the Justices concur.*