## WHITESIDE *v.* CROKER *et al.*

The court did not err in sustaining a demurrer to the petition which sought to restrain the individual defendant from seeking the enforcement of an order granted by the ordinary, and likewise to enjoin the sheriff of Campbell County from executing such order granted by the ordinary requiring the removal of obstructions in a private way, although the individual defendant was not a party to the original proceeding before the ordinary.

(*a*) It appeared from the petition that in a proceeding instituted by Mrs. Morris against the present plaintiff a judgment was rendered which required the present plaintiff to remove a fence which he had built across the same private way as that involved in this litigation. A certiorari brought to review the judgment of the ordinary was dismissed. This judgment is conclusive as to the subject-matter of the judgment, not only as to all matters that were actually put in issue, but as to anything which could have been brought in issue as to the existence and nature of the private way. The allegation that the defendant is seeking enforcement of the order in an effort to harass the petitioner, construing the petition most strongly against the pleader, is a conclusion so vague that, without the statement of further facts, it is insufficient to afford any reason why the sheriff should be restrained from enforcing the judgment of the ordinary, nor does it rebut the presumption that the individual defendant is proceeding to have the order of the ordinary executed because of a material interest in the maintenance of the private

Abandonment, 1 C. J. p. 6, n. 35.
Easements, 19 C. J. p. 1005, n. 74 New.
Injunctions, 32 C. J. p. 319, n. 32; p. 323, n. 67.
Judgments, 34 C. J. p. 909, n. 31.
Nuisances, 29 Cyc. p. 1177, n. 51.
Pleading, 31 Cyc. p. 65, n. 42 New; p. 78, n. 95.

way for his own use and benefit, either as a privy of the successful litigant or in his own behalf.

(*b*) Anything that obstructs or impedes a private way is a nuisance, and under prior rulings of this court a judgment requiring the removal of obstructions from a private way, without more, will include any gates across such private way, and bar their presence or use in the private way.

No. 6035. FEBRUARY 15, 1928.

Petition for injunction. Before Judge Hutcheson. Campbell superior court. April 30, 1927.

*Lawrence S. Camp* and *J. Wilson Parker,* for plaintiff.

*J. H. McLarty,* for defendants.

RUSSELL, C. J.   Whiteside filed a petition against T. W. Camp, sheriff, and John Croker, to enjoin Croker from seeking the enforcement of an order of the ordinary of Campbell County directing the petitioner to remove obstructions across an alleged private way beginning and running from "the public road in front of petitioner's house and across plaintiff's land into the land of a negro by the name of Sim Bryant and across the land of Sim Bryant to the home of Sim Bryant." There was also a prayer that T. W. Camp, sheriff, be enjoined from executing the order granted by the ordinary in the case of Mrs. Morris against the petitioner. The defendant interposed a general demurrer, which was sustained, and the petition was dismissed. The plaintiff excepted. As stated in the brief of counsel for the plaintiff in error, "The question presented by the bill of exceptions for decision is: (1) Does the petition of G. E. Whiteside set forth an equitable cause of action? In determining that question the following questions must be decided: (a) Where a judgment of the ordinary directing the removal of certain obstructions from a private way has been obtained by the party in whose favor the prescription has ripened, and that party having abandoned said proceeding, can a stranger to the case demand an enforcement of such judgment, in an effort to ' harass ' and to the irreparable injury of the defendant in the case?   (b) Do the placing of gates in a fence across a private way constitute a compliance with an order directing removal of the fence when bars in another fence on same private way on same property had traversed such easement for eight years and were not designated as such obstructions in proceeding to remove obstructions?"

After a consideration of the record, it may be noted as to the

first question that there is nothing to show that the prevailing party in the proceeding to have the obstruction removed, which was adjudicated by the ordinary, abandoned the "proceeding." On the contrary it appears from the petition of the plaintiff that after the ordinary rendered a judgment ordering the removal of the obstruction complained of, "the petitioner filed a petition for certiorari from said judgment, which petition was dismissed for technical reasons." So far, then, from Mrs. Morris having abandoned the "proceeding," it appears that her part of the proceeding was completed and her rights were protected and preserved by an unreversed judgment. However, it is stated in the petition that the private way in question ran across the land of Sim Bryant to the home of Sim Bryant, that the tract owned by Sim Bryant comprised 89 acres which was sold by Bryant to one Roan, and the petitioner purchased from Roan 50 acres of land for a pasture, Roan agreeing that petitioner could build a fence entirely around the land and close what was left of the roadway. It is further alleged that Mrs. Morris bought the remainder of the tract, comprising 39 acres, and that she has removed from said locality and abandoned said land and also said petition (referring to the petition to remove obstructions in which a judgment in her favor was rendered). Amended by these circumstances, the inquiry can be so reshaped as to propound the question, "can a stranger to the case demand an enforcement of such judgment, in an effort to 'harass' and to the 'irreparable injury' of the defendant in the former case," the plaintiff in this equitable petition? As the court had before it no facts except those disclosed by the petition, which was attacked by demurrer and which must be construed most strongly against the pleader, that court would not have been authorized to find that the purpose of the enforcement was "to harass" the present plaintiff in error, or to find that the removal of the obstructions would be to his "irreparable injury." It is stated in the question that Croker is a "stranger to the case," but this is not alleged in the petition; and if alleged, it would only be a conclusion of the pleader, because no facts are stated in regard to Croker which are inconsistent with his ownership of the 39 acres of land purchased by Mrs. Morris from Roan. Paragraph four of the petition alleges: "Petitioner shows that said Mrs. D. A. Morris has removed from said locality and abandoned said land

and also abandoned said petition, but that one John Croker, a resident of said Campbell County, in an effort to harass petitioner, is seeking from the ordinary an enforcement of his order." Conceding that Mrs. Whiteside has removed from said locality, does it follow from that that she has abandoned the land? We think not, for one may remove from his former place of residence and take up residence elsewhere without having abandoned his property or abandoned one whit of his claim of ownership. The allegation that Croker is seeking an enforcement in an effort to harass petitioner is so vague and insufficient as to specification, or in assigning any reason why the defendant should be bent on harassing the petitioner, as to be inadequate to rebut the presumption that Croker has leased or purchased the property or that he is an agent of Mrs. Morris, the owner who has moved away. In the absence of further allegations, construing the pleadings against the petitioner, paragraph four states nothing more than that Mrs. Morris has removed from said locality, and that John Croker, having an interest in the judgment as to which the certiorari was dismissed, is seeking its enforcement. The statements in paragraphs five and six of the petition do not militate against this construction or add strength to the petitioner's cause of action. In the fifth paragraph the plaintiff says that he has complied with the order of the ordinary by erecting gates; and further, that neither John Croker nor any other person except Mrs. Morris has a right to seek an enforcement of said order. The sixth paragraph repeats practically the same statement as the foregoing, by saying "that so far as the defendant John Croker is concerned, or any other person other than Mrs. D. A. Morris, said order is not effective." The petitioner in this case was a party to the proceedings before the ordinary, in which Mrs. Morris was the moving party, and the obstructions were ordered to be removed. That judgment, until reversed, is binding upon the petitioner and his privies in blood and estate. In the absence of a specific statement of the facts upon which is based the conclusion that Croker is proceeding to have the judgment enforced only for the purpose of harassing the petitioner, it must be shown that Croker has no interest whatever in the 39 acres of land, either as tenant, lessee, or purchaser; for by the prior judgment the plaintiff is bound to open the private way for any tenant, lessee, or purchaser from

Mrs. Morris. Furthermore, since others than the owner of the land may be entitled to a use of the private way by either purchase or prescription, the plaintiff would not be entitled to enjoin Croker unless it appeared from the petition that this is not the case. In one of our early cases, *Puryear* v. *Clements, 53 Ga. 232,* a private way was purchased by Puryear, but Clements and Rosser obtained the same right to use the land as their private way by prescription growing out of seven years use of this private way, and in *Hart* v. *Taylor,* 61 *Ga.* 156, a neighborhood road used by a settlement of people was held to be a private way from which obstructions could be removed as a nuisance by two justices of the peace with a jury of twelve men. In the *Hart* case Judge Jackson said that a neighborhood road is a private road, not only under the principle ruled in *Salter* v. *Taylor, 55 Ga.* 310, but that that is the meaning attached in common parlance. It does not appear from the petition whether others than the owner of the Bryant land used the way in question, but undoubtedly, under the ruling in the *Hart* case, supra, if twelve men were permitted to use the private way for seven years on improved land or twenty years in wild land, and did not alter the location, each and all of them would have a prescriptive right to the use of the private way. It is stated in the petition that for the last five or six years no one except Roan used the private way, and he only three or four times; but this fact would only be permitted on the issue as to whether there had been an abandonment of the private way, a question which was adjudicated adversely to the petitioner by the ordinary when he ordered the obstruction to be removed. In *Salter* v. *Taylor,* supra, Jackson, J., quoted from 3 Chitty's Blackstone, 215, 218: "A nuisance signifies anything that worketh hurt, inconvenience, or damage. . . If I have a way annexed to my estate, across another's land, and he obstructs me in the use of it, either by totally stopping it, or putting logs across it, or plowing over it, it is a nuisance," and so the court held: "The stopping or impeding a private way is a private nuisance." Since Blackstone includes in the definition of nuisance anything that worketh inconvenience, and gives as an instance not only putting logs across the way, but plowing the land, which would not block the road but only make it rough, we are of the opinion that the substitution of gates in a portion of the fence would not be a compliance with the order of the ordinary to

remove the obstruction, even though the obstruction theretofore existing was a fence. We have considered the citations of counsel for the plaintiff in error from R. C. L., and note that in some jurisdictions it has been held that the erection of gates across private ways is permitted and held not to constitute a nuisance. The inclusion of the word "impeding" in the headnote in the *Salter* case, supra, when the obstruction in the private way there involved was a fence, compels the conclusion that this court, controlled by the common law, adopted Blackstone's definition, that as to a private way a nuisance could as well be created by an obstruction which works inconvenience as one which might work hurt or damage, though the latter might be more grave and intolerable than a nuisance arising merely from inconvenience. In the comparatively recent case of *Hill* v. *Miller*, 144 *Ga.* 404 (87 S. E. 385), Mr. Justice Hill, quoting from the decision of Mr. Chief Justice Warner in *Puryear* v. *Clements,* supra, that "If the plaintiffs had a good prescriptive right to use the defendant's private way, then the defendant would not have had the right to obstruct their use of it by the erection of gates thereon," ruled in the case before him that "The decision just cited is controlling here, as to the question of gates constituting an obstruction to a private way." We do not construe as counsel for the plaintiff do the quotation from the *Hill* case. "In the instant case the use of the way within the prescribing period was without gates, and accordingly the plaintiff has the right to the use of the way without its being obstructed by them. It follows that the defendant had no right, after the plaintiff had acquired such easement in the way by prescription, to obstruct it by putting a fence and gates across it." They argue that in a case such as that now before us the plaintiff would be entitled to build a gate without it being an obstruction to the private way, because there was previously a gate across the private way, and the prescriptive right of way must be determined according to the use during the prescribing period. Jones on Easements, § 415; Shivers v. Shivers, 32 N. J. Eq. 578. In the *Hill* case, the principle as to determining a prescriptive right of way according to its use was, it is true, stated arguendo as an additional reason why Hill had no right to put up gates; but the statement was unnecessary, because the court had already ruled that the decision in *Puryear* v. *Clements* was controlling as to the

question whether the erection of gates constituted an obstruction to a private way; and besides, the judgment of the ordinary embraced a determination of whether there was a prescriptive right of way as well as the nature and extent of that right, and it does not appear from the petition that any provision was made for the "impeding" of the private way by permitting the erection of the gate.

The trial judge did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*