## 42378. HATTON v. WRIGHT.

PANNELL, Judge. 1. Ordinarily questions of negligence, gross negligence, contributory negligence, and whose negligence was the proximate cause of an injury and related questions are for the jury alone, and the courts will decline to solve such questions by a decision on the general grounds of the motion for new trial except in plain, palpable and indisputable cases. *Brown v. Binns*, 87 Ga. App. 485 (2) (74 SE2d 370).

2. If plaintiff's negligence is equal to or greater than that of defendant, he cannot recover (*Christian v. Macon R. &c. Co.*, 120 Ga. 314 (1) (47 SE 923)) for plaintiff must be less at fault than defendant before he can recover in case of mutual negligence. *Central R. & Bkg. Co. v. Newman*, 94

Ga. 560 (21 SE 219); *Jester v. Bainbridge State Bank,* 4 Ga. App. 476 (2) (61 SE 929).

3. The evidence in the present case authorized a finding by the jury that the deceased and defendant were traveling together and riding separate motorcycles along one side of a two-lane highway, the deceased riding about 15 or 20 feet ahead of the defendant and laterally about 4 feet to the defendant's left, that deceased suddenly turned to the right and into the defendant's path without warning for the purpose of turning onto another highway, that in spite of defendant's efforts to prevent it, a collision occurred between the two motorcycles resulting in the death of the deceased. The jury was also authorized to find that the deceased and the defendant were equally negligent and that this equal negligence was the sole proximate cause of the injury and the death; and this is true even though the defendant testified the collision would not have occurred if he had not been traveling too closely behind the deceased. It follows, therefore, that the trial judge did not err in overruling the motion for new trial, which was based solely on the general grounds, nor did he err in overruling the motion for judgment non obstante veredicto.

*Judgment affirmed. Frankum, J., concurs. Felton, C. J., concurs in judgment.*

SUBMITTED OCTOBER 4, 1966—DECIDED JANUARY 11, 1967.

*Jones & Kemp, Charles M. Jones, J. Max Cheney,* for appellant.

*Sharpe, Sharpe & Hartley, T. Malone Sharpe,* for appellee.