57722. WHITBY v. MALOY et al.

McMURRAY, Presiding Judge.
This is the second appearance before this court of this suit for damages arising from a motor vehicle collision. Since the decision in *Whitby v. Maloy,* 145 Ga. App. 785 (245 SE2d 5), the case has been tried before a jury. The jury returned a verdict finding all the parties equally negligent and awarded the plaintiff a verdict of one dollar against defendant Cather, who was in default. Judgment was entered in favor of defendants Stanley and Maloy and in favor of the plaintiff in the amount of one dollar against defendant Cather.

At trial, following a query from the jury, the trial court had added to its charge in regard to defendant Cather. The plaintiff enumerates as error this additional charge which authorized the jury to apply the principle of comparative negligence as to defendant Cather so as to award nominal damages. *Held:*

1. Due to his default defendant Cather is in a position of having admitted each and every material allegation of the plaintiff's complaint except as to the amount of damages suffered by plaintiff. *Peek v. Southern Guaranty Ins. Co.,* 240 Ga. 498, 499 (1) (241 SE2d 210);

*Flanders v. Hill Aircraft &c. Corp.,* 137 Ga. App. 286, 287 (223 SE2d 482). Defenses which go to the right of recovery are not available to the defendant in default even though the same defense may also go to the assessment of damages. *Flanders v. Hill Aircraft &c. Corp.,* supra, at page 288. The doctrine of comparative negligence goes to the right of recovery as well as to the amount of damages. See *McMullen v. Vaughan,* 138 Ga. App. 718, 720 (2) (227 SE2d 440); *Kirkland v. Moore,* 128 Ga. App. 34, 35 (195 SE2d 667);*Hatton v. Wright,* 115 Ga. App. 14 (2) (153 SE2d 669); *Southern R. Co. v. Alexander,* 59 Ga. App. 852, 860 (7) (2 SE2d 219). Based upon the status of the case sub judice, the trial court, without any doubt, erred in authorizing the jury to apply the doctrine of comparative negligence in determining the damages to be assessed against defendant Cather.

2. However, plaintiff did not plead any special damages in any definite amount against the defendants. Hence, defendant Cather's failure to answer does not result in the admission of the existence of any amount of damages, and strict proof of same is required by law. The record before us contains only a partial transcript of the trial, that is, the trial court's charge to the jury and subsequent recharge, objections and colloquy. From the record we are unable to determine whether the plaintiff has introduced any evidence of damages. If she has not, the charge which plaintiff enumerates as error would be harmless as the evidence would have demanded the verdict found by the jury. We have no way of determining whether a verdict in any greater amount was demanded or authorized by the evidence. The burden of showing harm, as well as error, rests upon the appellant, the plaintiff in this case. See *Layne v. Rosenfeld,* 122 Ga. App. 839 (178 SE2d 920) and cases cited at page 840. As this had not been done, we cannot reverse the judgment even though there is clearly error in the charge.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

Argued April 11, 1979 — Decided June 7, 1979 — Rehearing denied July 6, 1979 —

*Wills & Ford, James L. Ford,* for appellant.

*Davis, Casto & Norvell, Phillip M. Casto, Murray & Temple, Malcolm S. Murray, William D. Temple, Henning, Chambers & Mabry, Eugene P. Chambers, Jr., Clyde E. Rickard, III,* for appellees.