## A91A0757. HOLLAND v. TENNYSON.
### (410 SE2d 447)

COOPER, Judge.

Appellee was served a complaint in which appellant alleged that he suffered damages on December 1, 1989, while exiting a restaurant owned by appellee. Subsequently, appellant recast the complaint and alleged that he suffered damages on December 1, 1989, while exiting a mobile home owned by appellee. When appellee failed to file an answer to the complaints, the trial court rendered a default judgment against appellee on the issue of liability and ordered a hearing to determine the issue of damages. After all the evidence had been presented at the hearing, the court, without a jury, granted appellee's motion for a directed verdict on the question of damages because the evidence adduced showed that appellant had sustained injuries on November 30, 1989, rather than December 1, 1989, as stated in appellant's complaints.

Appellant's sole enumeration of error is that the court erred in directing a verdict for appellee on the issue of damages inasmuch as the court had previously entered a default judgment in favor of appellant on the issue of liability. We agree with appellant and reverse. "Due to [her] default [appellee] is in a position of having admitted each and every material allegation of [appellant's] complaint except as to the amount of damages suffered by [appellant]. [Cits.] Defenses which go to the right of recovery are not available to [appellee] in default even though the same defense may also go to the assessment of damages. [Cit.]" *Whitby v. Maloy*, 150 Ga. App. 575 (1) (258 SE2d 181) (1979). See OCGA § 9-11-55 (a). Evidence which serves to relieve appellee of liability which she has already admitted by virtue of the default judgment is inadmissible. *First Union Nat. Bank of Ga. v. Floyd*, 198 Ga. App. 99 (3) (400 SE2d 393) (1990). See *Lee v. Morrison*, 138 Ga. App. 332 (226 SE2d 124) (1976).

Despite the discrepancy in the asserted dates of the accident, the trial court erred in considering evidence which spoke to the liability of the appellee. By the default judgment, appellee's liability for the accident was admitted, and the *only* issue to be determined by the court was the *amount* of the damages. Therefore, we reverse the order of the trial court and remand for a hearing on the amount of damages to be awarded to appellant.

*Judgment reversed and remanded. Birdsong, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1991.

*Beauchamp & Associates, Robert M. Beauchamp*, for appellant.
*Perry, Walters & Lippitt, Nancy G. Grigg*, for appellee.