A93A1213. MOSS et al. v. WILKIE et al.
(437 SE2d 367)

POPE, Chief Judge.

Plaintiffs brought suit against Ted M. Wilkie, Jr., Alice Whitney, f/k/a Alice Wilkie (defendants), who were formerly husband and wife, and others, alleging that defendants failed to disclose and fraudulently concealed that the house defendants sold to them had been damaged by termite infestation. Plaintiffs subsequently amended their complaint against Ted Wilkie by adding a claim for failure to disclose all material defects in the house. Defendant Wilkie answered and denied the allegations against him, but defendant Whitney failed to answer the complaint. The case proceeded to trial against Wilkie and the jury returned a verdict in favor of plaintiffs for $47,500. The trial court initially entered judgment for plaintiffs for "the sum of $47,500.00, less $20,500.00 previously recovered. . . ." Defendant Wilkie filed a motion for j.n.o.v., and the trial court entered an order granting that motion on the basis that plaintiffs had failed to prove their claim of fraud. The trial court also made its findings applicable to defendant Whitney, and entered no judgment against her, although acknowledging that Whitney was in default because she failed to answer the complaint. Plaintiffs appeal.

1. Our review of the record and transcript in this case leads us to conclude that the trial court, for the reasons stated in its order, properly granted Wilkie's motion for j.n.o.v. See, e.g., *Miller v. Clabby,* 178 Ga. App. 821 (344 SE2d 751) (1986); *U-Haul Co. of Western Ga. v. Dillard Paper Co.,* 169 Ga. App. 280 (312 SE2d 618) (1983); *Lively v. Garnick,* 160 Ga. App. 591 (1) (287 SE2d 553) (1981). Plaintiffs' first and second enumerations are thus without merit.

2. Plaintiffs also contend the trial court erred by failing to enter a default judgment against Whitney. We agree and reverse the trial court's judgment as to that defendant. " 'Due to (her) default [Whitney] is in a position of having admitted each and every material allegation of [plaintiffs'] complaint except as to the amount of dam-

ages suffered by [plaintiffs]. (Cits.) Defenses which go to the right of recovery are not available to [Whitney] in default even though the same defense may also go to the assessment of damages. (Cit.)' *Whitby v. Maloy*, 150 Ga. App. 575 (1) (258 SE2d 181) (1979). See OCGA § 9-11-55 (a). Evidence which serves to relieve [Whitney] of liability which she has already admitted by virtue of the default judgment is inadmissible. *First Union Nat. Bank of Ga. v. Floyd*, 198 Ga. App. 99 (3) (400 SE2d 393) (1990). See *Lee v. Morrison*, 138 Ga. App. 332 (226 SE2d 124) (1976). [It follows that] the trial court erred in considering evidence which spoke to the liability of [Whitney]. By [virtue of failing to answer the complaint filed against her, Whitney's] liability . . . was admitted, and the *only* issue to be determined by the court was the *amount* of the damages. Therefore, we reverse the order of the trial court and remand for a [determination, based on the evidence presented at trial, of the damages to be awarded to plaintiffs. In this regard we note that the only claim asserted in plaintiffs' complaint against Whitney related to the termite infestation damage. Consequently, plaintiffs' recovery of damages will likewise be so limited]." *Holland v. Tennyson*, 201 Ga. App. 125 (410 SE2d 447) (1991). See also *Cole v. Smith*, 182 Ga. App. 59, 63 (3) (354 SE2d 835) (1987); *Flanders v. Hill Aircraft &c. Corp.*, 137 Ga. App. 286 (223 SE2d 482) (1976).

*Judgment affirmed as to appellee Ted M. Wilkie, Jr.; judgment reversed and case remanded as to appellee Alice Whitney. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 28, 1993.

*Douglas R. Thompson*, for appellants.
Alice Whitney, *pro se.*
*Barksdale, Irwin, Talley & Sharp, David B. Irwin*, for Wilkie.