A96A1682. LOFTY et al. v. FULLER et al.
(477 SE2d 30)

BLACKBURN, Judge.

Glen C. Fuller, in his individual capacity and doing business as Tri-State Graphics, sued Bob Lofty, Steven D. Lofty, and James A. Lofty, individually and doing business as Lofty Construction Company (collectively Lofty), for breach of contract and negligent damage to property. Lofty appeals the jury's verdict in favor of Fuller, and argues that because there was no evidence of a meeting of the minds, the trial court erred in failing to grant its motion for directed verdict. Lofty also appeals the denial of its motions for remittitur and j.n.o.v. or in the alternative, motion for new trial.

Viewed most favorably to Fuller, the evidence shows that in September 1991, Fuller and Lofty entered into an agreement for Lofty to remove approximately 40,000 cubic yards of fill dirt from Fuller's

property for use in Lofty's nearby construction project. Fuller declined Lofty's offer to pay $8,000 for the fill dirt, and the parties agreed that Lofty's payment to Fuller would be through the provision of services. Lofty removed the dirt from Fuller's property. In so doing, Fuller alleges that Lofty's trucks damaged his property. Two years passed, and despite repeated requests, Fuller could not get Lofty to return to his property and perform the work Lofty allegedly agreed to do in exchange for the dirt. Fuller sued, and the parties' disagreement concerns what services Lofty was to provide in exchange for the fill dirt.

1. Lofty argues that the contract was unenforceable because there was no meeting of the minds on its terms, and that the trial court erred in failing to direct a verdict on this issue. "A directed verdict is proper only if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. OCGA § 9-11-50 (a). In determining whether any conflict in the evidence exists, the court must construe the evidence most favorably to the party opposing the motion for directed verdict. The standard used to review the grant or denial of a directed verdict is the 'any evidence' test." (Citation and punctuation omitted.) *Grubb v. Woodglenn Properties*, 220 Ga. App. 902, 903 (470 SE2d 455) (1996).

Both parties agree that Lofty was to dig a pond, but disagree as to what, if any, other services Lofty contracted to perform in exchange for the dirt. Fuller testified that Bob Lofty came to his office, walked Fuller's property while Fuller explained what he wanted done, examined a tax map of Fuller's property, agreed to perform the services outlined by Fuller, and shook hands on the deal. Lofty began removing dirt from Fuller's property the very next day. Lofty contests Fuller's version of the contract terms, asserting that Lofty was to provide Fuller with $8,000 worth of grading services which included digging a pond. The remaining services were unspecified.

Lofty argues that there was no meeting of the minds because the parties disagree as to the contract terms. "The fact that the plaintiff and the defendant differed in their testimony as to the terms of the contract is not sufficient to show that their minds had never met, but simply raised a conflict in the evidence as to what was the contract between the parties." *Fincher v. Redman*, 12 Ga. App. 241 (76 SE 1077) (1913).

Because Fuller presented evidence that there was a meeting of the minds that grading services would be exchanged for fill dirt, the parties' disagreement about the precise contract terms constitutes a genuine issue of material fact for the jury. The evidence does not demand a verdict in favor of Lofty, and the trial court did not err in

failing to direct the verdict.

2. Lofty argues that the trial court erred in not granting its motion for remittitur. The evidence reflected that it would cost Fuller between $82,000 and $200,000 to perform the work Lofty agreed to perform, and that the highest value of the dirt taken by Lofty was $14,000. The jury returned a verdict for $34,000 in favor of Fuller. The jury was instructed as to various theories of recovery, including breach of contract and quantum meruit. Its verdict did not reflect which theory the jury adopted.

With respect to its motion for remittitur, Lofty argues that because the jury did not award Fuller interest pursuant to OCGA § 13-6-3, it found that there was no contract and made its award upon the theory of quantum meruit. Lofty argues that the $34,000 award to Fuller must be reduced because quantum meruit only entitles Fuller to receive the value of the dirt he provided, plus the $1,238.20 in damage to his property he proved at trial.

Lofty's argument — that the absence of an award of interest means that the jury awarded in quantum meruit and not in contract — is without merit. As the jury was instructed, the decision to award interest for breach of contract lies within its discretion. See *Carpet Transport v. Kenneth Poley Interiors*, 219 Ga. App. 556, 559 (466 SE2d 70) (1995) (" '[t]he jury in their discretion may increase the immediate amount of damages found, by an allowance of interest' "). Thus, we cannot presume that the jury's failure to award interest meant that it found no contract existed. The court did not err in denying Lofty's motion for remittitur.

Lofty also appeals the trial court's denial of his motion for j.n.o.v. or in the alternative, motion for new trial. Lofty asserts that the verdict was contrary to the evidence and strongly against the weight of the evidence.

"Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. . . . The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict. As long as there is some evidence to support the verdict, the denial of defendant's motions for new trial and [j.n.o.v.] will not be disturbed." (Citations and punctuation omitted.) *Willis v. Brassell*, 220 Ga. App. 348 (469 SE2d 733) (1996).

Employing this standard, we find evidence to support the verdict. Therefore, the trial court did not err in failing to grant Lofty's motion for j.n.o.v. and in the alternative, motion for new trial.

*Judgment affirmed. Beasley, C. J., and Senior Appellate Judge*

*Harold R. Banke concur.*

DECIDED OCTOBER 8, 1996.

*Spears, Moore, Rebman & Williams, Robert G. Norred, Jr.,* for appellants.

*Strang, Fletcher, Carriger, Walker & Hodge, Larry L. Cash, James R. Rogers,* for appellees.