## A99A0335. HENRY v. JONES.
### (515 SE2d 199)

BLACKBURN, Judge.

After being found in default, Ella Mae Henry appeals from the judgment awarding damages to Ronald L. Jones following a jury trial on that issue. Henry argues that the trial court erred (1) in failing to grant her motion for j.n.o.v. or motion for new trial, contending that Jones failed to attribute any damages to her, and (2) in allowing Jones to introduce evidence after the close of evidence and after Henry had concluded her summation. We affirm.

On May 16, 1990, Jones filed suit against Ella Mae Henry and her husband, Cliff Henry, asserting the Henrys had converted approximately 350 salvage automobiles and various items of personal property, belonging to Jones, to their own use. The Henrys failed to answer, and Jones took a default judgment against them. The matter proceeded to trial on the issue of the amount of damages, and the jury awarded compensatory damages against both of the Henrys in the amount of $140,273.50 and punitive damages against Cliff Henry in the amount of $87,500. As Cliff Henry did not appeal the judgment, this appeal concerns only the award of compensatory damages against Ella Mae Henry.

1. Henry contends the trial court erred in failing to grant her motion for new trial or motion for j.n.o.v., arguing that Jones failed to attribute any damages to her.

> When reviewing a trial court's denial of a motion for j.n.o.v. or new trial, this Court determines if there is any evidence to support the jury's verdict. *Lofty v. Fuller*, 223 Ga. App. 95, 97 (2) (477 SE2d 30) (1996). Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where

the evidence is in conflict. As long as there is some evidence to support the verdict, the denial of defendant's motions for new trial and j.n.o.v. will not be disturbed.

(Punctuation omitted.) *Dept. of Transp. v. Mikell*, 229 Ga. App. 54-55 (1) (493 SE2d 219) (1997).

Henry's sole argument is that Jones was required to offer proof of Henry's actions which gave rise to the damages. However, when a case is in default the plaintiff is entitled to judgment

as if every item and paragraph of the complaint or other original pleading were supported by proper evidence, without the intervention of a jury, unless the action is one ex delicto or involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury, with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of such damages.

OCGA § 9-11-55 (a). As the case was in default, Henry had admitted each and every material allegation of the complaint, except the amount of damages. *Whitby v. Maloy*, 150 Ga. App. 575 (1) (258 SE2d 181) (1979).

The complaint alleged Henry "unlawfully seized, detained and converted to [her] own use, the Plaintiff's entire inventory." The default established Henry's liability for the conversion of the inventory of salvage automobiles described therein, and Henry could not dispute liability. See *Holland v. Tennyson*, 201 Ga. App. 125 (410 SE2d 447) (1991). Thus, at trial, Jones only had to introduce evidence of the value of the inventory. The trial court did not err in denying Henry's motions.

2. Henry also contends the trial court erred by allowing Jones to introduce evidence after the close of evidence and after Henry had concluded her summation. "It is within the discretionary power of the court to allow the case to be reopened after both sides have closed; and to hear additional evidence; and a liberal practice in this respect is most favorable to the ends of justice." *Newman v. Booker & Co.*, 133 Ga. App. 209 (1) (210 SE2d 329) (1974). The "admission of evidence is within the sound discretion of the trial court and appellate courts will not interfere absent abuse of that discretion." (Punctuation omitted.) *American Petroleum Products v. Mom & Pop Stores*, 231 Ga. App. 1, 7 (3) (497 SE2d 616) (1998). The trial court opened the evidence to admit a box of car titles, bills of sale and receipts for the vehicles which initially had been excluded as duplicative of a list and

testimony already before the jury. The court admitted the evidence after counsel argued that Jones could not establish damages based on the list alone. Under these circumstances, the trial court did not abuse its discretion in admitting the evidence, even after the close of the case. Moreover, even if the admission of the evidence was error, it was harmless as admissible evidence of the same fact was already before the jury. See *Wilson v. Southern R. Co.*, 208 Ga. App. 598, 604-605 (4) (431 SE2d 383) (1993).

*Judgment affirmed. Beasley, P. J., and Barnes, J., concur.*

DECIDED MARCH 30, 1999.

*Talley & Darden, David P. Darden*, for appellant.
*Karen L. Sacandy*, for appellee.