## A99A1501. HARVEY et al. v. HIGHTOWER et al.
### (521 SE2d 367)

MCMURRAY, Presiding Judge.

Patricia O'Quinn Harvey acquired an access easement across her sister's, Jo Edith Lindsey's, adjoining property via her deceased father's estate. Following this conveyance, Lindsey fenced her land and blocked Harvey's easement with chained gates. Lindsey allowed her neighbor, R. M. Hightower, to construct a "satellite dish" on her property, in the path of Harvey's easement.

Harvey brought an action against Lindsey and Hightower to remove these alleged obstructions.[1] Lindsey answered and asserted a right to fence her property and gate Harvey's easement so as to protect her property. Hightower neither answered the complaint, nor made an appearance at a subsequent bench trial. The trial court later entered an order pertinently providing that Lindsey may gate Harvey's easement, but that she must provide Harvey with access keys. The trial court's order also provides that Hightower's satellite dish does not impair Harvey's easement. This appeal followed. *Held*:

Harvey contends the trial court erred in finding that Lindsey's gates do not obstruct her easement. She also contends the trial court erred in allowing Hightower's satellite dish to remain in her easement. We are compelled to agree.

In *Hill v. Miller*, 144 Ga. 404 (87 SE 385), the Supreme Court of Georgia held that a servient tenant could not maintain a protective gate over the dominant tenant's prescriptive access easement. This holding is based on the fact that the dominant tenant acquired the easement during the prescriptive period without a gate obstruction. Thus, rather than examining the circumstances of the servient tenant's alleged need for protection, the Supreme Court of Georgia excluded the servient tenant's alleged right to gate his property by viewing such an obstruction as an unauthorized encumbrance upon the dominant tenant's easement. Id. at 407. The same logic appears to apply in the case sub judice.

Although Harvey's access easement was conferred by grant rather than prescription, this difference does not appear to exclude the Supreme Court of Georgia's reasoning in *Hill*. Because Harvey acquired her right-of-way over Lindsey's property without Lindsey's gates as an encumbrance, the trial court erred in ruling that Lindsey's gates do not impair Harvey's easement. And while the rule in *Hill v. Miller*, 144 Ga. at 407, supra, would likewise appear to require removal of Hightower's satellite dish, we need not address this issue since Hightower failed to answer Harvey's complaint, and thereby

---

[1] Harvey's spouse is a party to this action as well as the appeal in the case sub judice.

admitted that his satellite dish obstructs Harvey's easement. *Moss v. Wilkie*, 210 Ga. App. 688 (2) (437 SE2d 367); see *McCombs v. Southern Regional Med. Center*, 233 Ga. App. 676, 677 (2) (504 SE2d 747).

*Judgment reversed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JULY 26, 1999 —
RECONSIDERATION DENIED AUGUST 20, 1999.

*Joseph I. Carter*, for appellants.
*Fred W. Rigdon, Jr.*, for Lindsey.
R. M. Hightower, *pro se.*