## A06A1749. WILLIAMS v. TRAMMELL.
### (636 SE2d 757)

BLACKBURN, Presiding Judge.

In this direct appeal[1] of the partial denial of her Petition for Temporary Restraining Order, Interlocutory Injunction, and Permanent Injunction, Yvonne Williams contends that the trial court erred in failing to issue an injunction requiring Charles Trammell to remove a gate obstructing an easement she holds for ingress and egress over land owned by Trammell. For the reasons that follow, we reverse and remand.

> The grant or refusal of an interlocutory injunction rests in the sound legal discretion of the trial judge, according to the circumstances of each case; and where the evidence is conflicting, his discretion will not be controlled, unless it is apparent that he has abused it. But the rule that [an appellate court] will not interfere with the discretion of the trial judge in granting or refusing an interlocutory injunction where the evidence is conflicting does not apply when the question to be decided by him is one of law.

(Citations omitted.) *Bell Indus. v. Jones.*[2]

Here, the record shows that in 2004, Williams acquired a parcel of land adjacent to land owned by Trammell, who acquired his land in 2000. By the terms of Trammell's deed, he took his property "subject to a 60 foot ingress-egress easement along the . . . property line as shown on" a certain plat, on which the location of the easement was marked. Williams's deed likewise reflects the easement in her favor running across Trammell's property and giving her access to a public road.[3]

In September 2005, Williams filed a Petition for Temporary Restraining Order, Interlocutory Injunction, and Permanent Injunction, alleging that Trammell had installed two gates (one at the entrance from the public road and another midway along the easement) that obstructed her use of the easement. Trammell answered, admitting that he "did install gates with locks . . . [but alleging] that he provided keys to the locks to" Williams.

---

[1] See OCGA § 5-6-34 (a).

[2] *Bell Indus. v. Jones*, 220 Ga. 684, 685 (141 SE2d 533) (1965).

[3] Neither party has introduced documentation showing the original creation of the easement or its status throughout the chains of title. As both parties' deeds are materially the same, we assume for purposes of this appeal that their deeds accurately reflect the current easement.

After an evidentiary hearing at which both Williams and Trammell were present, the trial court ruled that the middle gate was an improper obstruction and ordered Trammell to remove the gate. However, the court's order stated that "the issue of the gate at the front of [the road] is an issue as to whether the gate was erected prior, or subsequent to the sale of the Land to Plaintiff therefore being an issue of fact and not of law." Williams now appeals that order.

"A reservation of an easement in a deed by which land is conveyed is equivalent, for the purpose of the creation of the easement, to an express grant of the easement by the grantee." *O'Barr v. Duncan.*[4] "In interpreting an express easement, the rules of contract construction apply. The construction of a contract is a question of law for the court. The cardinal rule of construction is to ascertain the parties' intent. Parol evidence may not be considered unless the written instrument is ambiguous." (Footnotes omitted.) *Irvin v. Laxmi, Inc.*[5]

Here, Trammell's deed unambiguously describes the easement as "a 60 foot ingress-egress easement along the . . . property line as shown on" the plat. The deed uses no limiting language such as "as presently existing," nor does the plat reflect the presence of any gates or other obstructions. Williams's deed describes the easement similarly, without reference to any gates or other obstructions.

"As a matter of law, neither a dominant tenement nor a servient tenement can interfere with each other's rights to use a nonexclusive easement for ingress and egress." *Harvey v. Lindsey.*[6] Installing a gate across an easement is an obstruction to an easement for ingress and egress, even where keys are provided to the easement holder. See *Harvey v. Hightower;*[7] *Hill v. Miller.*[8]

The trial court heard evidence as to whether the gates were in existence at the time Williams took title to her property. In doing so, the trial court relied on *Harvey v. Hightower,* supra, 239 Ga. App. at 684, which holds that an obstruction arising after the grant of an easement is improper. The trial court here reasoned by implication that an obstruction erected by Trammell *before* the grant of the easement to Williams could limit the scope of the easement Williams took. However, we find the facts of *Harvey v. Hightower* distinguishable from those here. In *Harvey v. Hightower,* it was undisputed that there was no existing obstruction at the time the easement was granted; therefore the court could conclude that any subsequent obstruction was improper. Here, by contrast, there is a dispute as to

---

[4] *O'Barr v. Duncan,* 187 Ga. 642 (4) (2 SE2d 82) (1939).

[5] *Irvin v. Laxmi, Inc.,* 266 Ga. 204, 205 (1) (467 SE2d 510) (1996).

[6] *Harvey v. Lindsey,* 251 Ga. App. 387, 391 (1) (554 SE2d 523) (2001).

[7] *Harvey v. Hightower,* 239 Ga. App. 684 (521 SE2d 367) (1999).

[8] *Hill v. Miller,* 144 Ga. 404, 407 (87 SE 385) (1915).

when the obstruction occurred relative to the grant of the easement to Williams. In this circumstance, the material inquiry is to discern the precise scope of the easement burdening Trammell's estate, based on the unambiguous description in the deed.

The easement here is a creature of the deed and exists as described in the deed, not as a remnant of the encroachments Trammell caused after he acquired his property subject to the easement. Therefore, as the description of the easement in the deed does not provide for gates or other obstructions, and Trammell admitted that he installed the gates at issue, the trial court erred in not requiring Trammell to remove the gates. Accordingly, we reverse and remand for disposition consistent with this opinion.

*Judgment reversed and case remanded. Mikell and Adams, JJ., concur.*

DECIDED SEPTEMBER 18, 2006.

*Sanders & Smith, Russell W. Smith*, for appellant.
*Charles D. Strickland*, for appellee.