## 39867. FLOYD & BEASLEY TRANSFER COMPANY, INC. v. COPELAND.

CARLISLE, Presiding Judge. 1. Where a motion to dismiss an action is sustained by the trial court and it appears from the record that the ground upon which this motion was sustained was not a ground which adjudicated the merits of the controversy, such judgment of dismissal will not be a bar to a subsequent proceeding for the same cause of action brought within the time allowed by law. Code §§ 110-503, 110-504. *Keith v. Darby*, 104 Ga. App. 624 (122 SE2d 463) and cits.

2. The foregoing rule of law is applicable to those cases where the dismissal was for want of prosecution. *Kinney v. Avery & Co.*, 14 Ga. App. 180, 181 (8) (80 SE 663). Analogous to such dismissal is the dismissal of an action, under the provisions of *Code Ann.* § 38-2111 as enacted by the act approved March 25, 1959 (Ga. L. 1959, pp. 425, 440), for failure of the plaintiff to comply with an order requiring answers to interrogatories. Regardless of what the rule may be in other jurisdictions, in Georgia a dismissal on purely technical grounds is not a bar to the rebringing of the action within the statutory time under the authorities cited in the first headnote. *The statement in such an order of dismissal that the plaintiff's action is dismissed "with prejudice" cannot operate to change the character of the order.* Accordingly, the general demurrer to the petition in the instant case which raised the question of the right of the plaintiff to rebring her action within six months after it had been dismissed, under *Code Ann.* § 38-2111, because of her failure to comply with an order requiring her to answer certain interrogatories of the defendant, was properly overruled.

*Judgment affirmed. Bell and Hall, JJ., concur.*

DECIDED JANUARY 22, 1963—REHEARING DENIED
FEBRUARY 6, 1963.

*Bryan, Carter, Ansley & Smith, Melburne D. McLendon,* for plaintiff in error.
*Llop & Long, Joseph L. Llop, Fred A. Gilbert,* contra.