24399. BACON v. HARP, Executor, et al.

ARGUED DECEMBER 11, 1967—DECIDED JANUARY 4, 1968.

*Twitty & Twitty, Frank S. Twitty, Jr.*, for appellant.
*Whelchel & Whelchel, Hoyt H. Whelchel, Jr.*, for appellees.

ALMAND, Presiding Justice. This is a suit for specific performance of an oral contract to devise land and for other equitable and legal relief. Upon the trial of the case, the jury returned a verdict in favor of the plaintiff Thad E. Bacon, and

the court entered a judgment ordering the defendant Cleveland Harp, executor of the estate of Eudora M. Bacon, to execute and deliver a deed conveying the farm property to plaintiff and canceling the deed purporting to convey Eudora M. Bacon's interest in the farm property to her sister, Eloise Bacon. Defendants filed a motion for new trial which was overruled. On the appeal of the denial of this motion for new trial in the first appearance of this case before this court (222 Ga. 478 (2) (150 SE2d 655)), we ruled that the trial court erred in denying the defendants' motion for new trial on the general grounds, holding: "The evidence was not sufficient to prove beyond a reasonable doubt, which is required in an action for specific performance of an oral contract to devise land, that the defendant promised the plaintiff that, if he would move to Worth County and take charge of her farm and operate it as long as she lived, she would make a will devising the property to him *immediately upon his coming to Worth County.*" (Emphasis supplied).

Thereafter, on January 16, 1967, the defendants filed a motion for summary judgment. Defendants filed no affidavits in support of the motion. The plaintiff filed a written response and sixteen affidavits in opposition to the motion. On September 14, 1967, after a hearing, the court granted the defendants' motion for summary judgment. The appeal assigns error on the granting of the summary judgment.

The sole issue for our determination is whether the affidavits filed by the plaintiff in opposition to the motion for summary judgment are sufficient to support a finding that Eudora M. Bacon agreed to make a will devising her property to plaintiff *immediately upon his coming to Worth County.* A thorough survey of the affidavits filed by the plaintiff discloses that several of the affiants recall with a great degree of exactness statements of Eudora M. Bacon as to the time when the will was to be made. One affiant testified that Eudora M. Bacon stated "that as soon as Thad [plaintiff] came to Worth County she would immediately make a will which would provide that whatever had been accumulated through the operation of the farm, plus her interest in the farm would be left to Thad Bacon."

While another affiant testified to a conversation with Eudora M. Bacon wherein she said "if he [plaintiff] would come to the farm and take charge of it and look after her business and the farm and help her she would make a will as soon as he came to the farm." Still another affiant testified that Eudora M. Bacon told him "if Thad would come down to the farm and take charge of the same that immediately upon him doing so she would make a will leaving this farm to him upon her death." Several other affiants testified in effect that Eudora M. Bacon agreed to make the will "immediately" or "as soon as" the plaintiff came to Worth County. These affidavits are sufficient to support a finding that Eudora M. Bacon agreed to make plaintiff a will *immediately upon his coming to Worth County*. Thus, there is a genuine issue of material fact, and it was error to grant the defendants' motion for summary judgment.

*Judgment reversed. All the Justices concur.*