44317, 44318.  SINGLETON, by Next Friend v. RARY
(two cases).

BELL, Presiding Judge.  1.  Plaintiffs took these appeals from judgments for defendant in two suits on promissory notes. This is the second appearance of the cases in this court. See *Singleton v. Rary,* 116 Ga. App. 476 (3) (157 SE2d 645), where we held as follows: "The defendant's answer simply denied all paragraphs of the petition and plaintiff moved to strike or dismiss the answer since it amounted to no more than a plea of the general issue against an unconditional contract in writing. Other than the denial of the giving of the notice to bind the defendant for the payment of attorney's fees the answer was a plea of the general issue, setting up no legal defense, and could not be amended to set up a defense to the unconditional part of the contract. Except as to the denial of the notice for attorney's fees, the answer should have been

stricken." That holding fixed as the law of the case that defendant's answer was not amendable to set up a defense to the unconditional part of the contract. While the Civil Practice Act was not applied on the former appearance of the case, the Act does not require a different result when applied here. See *Code Ann.* § 81A-160 (h) (Ga. L. 1966, pp. 609, 664, as amended by Ga. L. 1967, pp. 226, 239); *Medlock v. Allison,* 224 Ga. 648, 649 (164 SE2d 112). Thus the trial court erred in denying each plaintiff's motion to strike the amendment filed by defendant after our previous decision.

2. The only issuable defense on the trial was defendant's denial that plaintiffs gave the alleged notice required by *Code Ann.* § 20-506 as a condition precedent to collection of attorney's fees as provided for in the notes sued on. The evidence established without contradiction that the requisite notice was given. It was therefore error to deny plaintiffs' motion for a directed verdict.

*Judgment reversed. Eberhardt and Deen, JJ., concur.*

ARGUED MARCH 4, 1969—DECIDED APRIL 7, 1969—
REHEARING DENIED APRIL 21, 1969—

*Armstrong & Fuller, Hilton M. Fuller, Jr.,* for appellants.
*E. T. Hendon, Jr.,* for appellee.