25213.   HARP, Executor v. BACON.

ARGUED JUNE 11, 1969—DECIDED JULY 10, 1969.

*Whelchel & Whelchel, Hoyt H. Whelchel, Jr.,* for appellant.
*Twitty & Twitty, Frank S. Twitty,* for appellee.

ALMAND, Presiding Justice. The appellant here seeks to review the grant of a summary judgment in favor of the appellee.

This case had its birth in October 1962 when Thad E. Bacon filed his petition against Eudora M. Bacon and Eloise N. Bacon. As against Eudora Bacon, he prayed that she be ordered to specifically perform her alleged oral agreement to make a will leaving certain real and other property to the plaintiff in return for his moving onto the land and operating the farm and han-

dling the business. He further prayed for the cancellation of an alleged gratuitous deed made by her to the other defendant, Eloise N. Bacon.

Subsequently, Cleveland Harp, as executor of the estate of Eudora M. Bacon and Eloise N. Bacon, was made a party to the action.

On the trial of the case, the jury returned a verdict in favor of the plaintiff.

On appeal from the order overruling the defendant's motion for a new trial, this court reversed on two grounds: (1) that the verdict was not authorized by the evidence; and (2) that there was error in admitting certain testimony. See 222 Ga. 478.

On the return of the case to the trial court, the defendant, on January 18, 1967, filed a motion for a summary judgment on the ground that under the pleadings, the record of the evidence adduced at the trial of the case, and the decision of this court on appeal (222 Ga. 478), "there is no genuine issue as to any material fact and that the defendants are entitled to a judgment as a matter of law." The plaintiff, in his response to this motion, asserted that the defendants were not entitled to a summary judgment because, by reason of the pleadings and affidavits attached to the response, there was a genuine issue as to certain material facts which should be submitted to a jury.

The court, in its order of September 14, 1967, recited that the motion had been considered upon the pleadings, record, and affidavits of the plaintiff and that there was no genuine issue as to any material fact, and granted the defendant's motion for a summary judgment.

On the appeal of the plaintiff, this court reversed, and in its opinion said, "The sole issue for our determination is whether the affidavits filed by the plaintiff in opposition to the motion for summary judgment are sufficient to support a finding that Eudora M. Bacon agreed to make a will devising her property to plaintiff *immediately upon his coming to Worth County.* . . . These affidavits are sufficient to support a finding that Eudora M. Bacon agreed to make plaintiff a will *immediately upon his coming to Worth County.* Thus, there is a genuine issue of material fact, and it was error to grant the defendant's

motion for a summary judgment." *Bacon v. Harp,* 223 Ga. 851 (159 SE2d 65).

On the return of the case to the trial court, the plaintiff, the appellee here, moved for a summary judgment, "on the ground that under the pleadings, the record of the evidence adduced at the trial of the case, the affidavits submitted by plaintiff on defendant's motion for summary judgment, and the decision of the Supreme Court of Georgia on the appeal from the judgment of the jury, and the decision of the Supreme Court on the appeal from the decree of court granting summary judgment in favor of the defendants, there is no genuine issue as to any material fact; and, that plaintiff is entitled to a judgment as a matter of law."

On the hearing, the court determined the motion upon the same record which was before it when the defendant's motion for a summary judgment was granted, plus the opinion and judgment of this court in 223 Ga. 851. No additional evidence was introduced by either party. The court ordered a summary judgment in favor of the plaintiff.

In our former decision (223 Ga. 851) we held that there was a genuine issue of material fact made by the pleadings, records and affidavits, and that it was error to grant the defendant's motion for a summary judgment. Since the same record was used on the plaintiff's motion for a summary judgment, the ruling made by this court on the former appearance of the case here as to the legal effect of the evidence becomes the law of the case. *Huson v. Candler,* 184 Ga. 557 (192 SE 11); *Hudmon v. Hill,* 194 Ga. 841 (22 SE2d 835).

It follows that the court erred in granting the plaintiff's motion for a summary judgment.

*Judgment reversed. All the Justices concur.*