46586.   CRANFORD et al. v. CARVER.

WHITMAN, Judge. The defendant-appellants' motion to dismiss the plaintiff's complaint on the ground that the complaint involved the identical .claim and identical parties as a prior action, which prior action was ordered dismissed with prejudice on defendants' motion for plaintiff's failure to prosecute, should have been granted.

The Civil Practice Act provides: "For failure of the plaintiff to prosecute . . . a defendant may move for dismissal of an action or of any claim against him . . . Unless the court in its order of dismissal otherwise specifies, a dismissal under this subdivi-

sion . . . other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits." CPA § 41 (b) (Ga. L. 1966, pp. 609, 653; *Code Ann.* § 81A-141 (b)).

Rule 41 (b) of the Federal Rules of Civil Procedure and CPA § 41 (b), supra, correspond very closely.

The order of dismissal in the former suit was, by its terms, "with prejudice." A dismissal with prejudice is as conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff. It is res judicata of all questions which might have been litigated in the suit. Bank of America v. Jorjorian, 303 Ill. App. 184 (24 NE2d 896). It is a final disposition, barring the right to bring or maintain another action on the same claim or cause. Pulley v. Chicago, R. I. & P. R. Co., 122 Kan. 269 (251 P 1100). This is just what is meant by the federal rule and by CPA § 41 (b), which provides that the dismissal "operates as an adjudication upon the merits."

The former dismissal "with prejudice" was appealed to this court and we affirmed. *Carver v. Cranford,* 122 Ga. App. 100 (176 SE2d 272). Application for certiorari was denied by the Supreme Court. The matter cannot be litigated again. *Harp v. Bacon,* 225 Ga. 399 (169 SE2d 300); *Singleton v. Rary,* 119 Ga. App. 559 (167 SE2d 740); *Martell v. Atlanta Biltmore Hotel Corp.,* 120 Ga. App. 880 (172 SE2d 842); *Srochi v. Kamensky,* 121 Ga. App. 518 (1) (174 SE2d 263); *Southern R. Co. v. Overnite Transp. Co.,* 225 Ga. 291 (1) (168 SE2d 166).

The defendants' motion to dismiss the second action should have been granted.

*Judgment reversed. Hall, P. J., and Eberhardt, J., concur.*
Argued September 20, 1971—Decided October 5, 1971—
Rehearing denied November 3, 1971—

*Beck, Goddard, Owen, Squires & Murray, Samuel A. Murray,* for appellants.

*Troutman, Sams, Schroder & Lockerman, Robert L. Pennington, Lewis, Lewis, Spearman & Bynum, Joe H. Bynum, Jr.,* for appellee.