46425. OLD SOUTH INVESTMENT COMPANY et al. v. AETNA INSURANCE COMPANY.

BELL, Chief Judge. The question raised in this appeal is whether the dismissal of the plaintiffs' complaint in an earlier action under § 37 (d) of the Civil Practice Act (*Code Ann.* § 81A-137 (d)) for failure to answer interrogatories operates as an adjudi-

cation upon the merits and hence operates as a bar to an identical claim asserted in a subsequent suit. The order dismissing the earlier suit recites: "The above . . . matter having come on regularly to be heard upon defendant's motion for an order to compel answers of interrogatories to plaintiffs, it appearing that such interrogatories were served on April 27, 1970, and it further appearing upon the call of the case that no answers to such interrogatories have been filed and no appearance having been made by counsel for plaintiffs, the plaintiffs' complaint is hereby dismissed . . ." *Held:*

In *Floyd & Beasley Transfer Co. v. Copeland,* 107 Ga. App. 304 (130 SE2d 143), decided prior to the Civil Practice Act, we held that a dismissal for failure of the plaintiff to comply with an order requiring answers to interrogatories did not operate as a bar to a subsequent action for the identical claim, citing *Code* § 110-503. This Code section provides in pertinent part: ". . . For the former judgment to be a bar, the merits of the case shall have been adjudicated." As the dismissal here was involuntary, we must examine the holding in *Copeland* along with § 41 (b) of the Civil Practice Act (*Code Ann.* § 81A-141 (b)) and determine whether *Copeland* has been supplanted. The present statute provides "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, *operates as an adjudication upon the merits.*" Ga. L. 1966, pp. 609, 653 (*Code Ann.* § 81A-141 (b)). In its order of dismissal the trial court did not otherwise specify.

Plaintiffs cite *O'Kelley v. Alexander,* 225 Ga. 32 (165 SE2d 648) in support of their contention that the prior dismissal did not operate as an adjudication on the merits. However, *O'Kelley* is not in point as it held that a dismissal for failure to pay costs in a prior voluntarily dismissed case fell within the dismissal for lack of jurisdiction exception contained in § 41 (b). It is to be noted that in *O'Kelley* the Supreme Court cited with ap-

proval Costello v. United States, 365 U. S. 265 (81 SC 534, 5 LE2d 551), in which the Supreme Court of the United States construed the effect to be given an involuntary dismissal under Rule 41 (b) of the Federal Rules of Civil Procedure, the counterpart of our § 41 (b) of the Civil Practice Act. The Costello case laid down the test that the preclusive effect afforded dismissals under Rule 41 (b) was intended to apply to cases in which a defendant must incur the inconvenience of preparing to meet the merits of the plaintiffs' claim because there is no initial bar to the court's reaching the merits as there would be in case of defects in pleadings, a failure to join necessary parties, lack of jurisdiction of the court to try the claim, or improper venue. Applying this test to our case here, the failure of the plaintiffs to answer, file objections to, or appear at a hearing upon defendant's motion to compel answers to interrogatories does not bar the trial court in going forward with a determination of the merits of the plaintiffs' claim. Dismissal under § 37 (d) of the CPA is discretionary. *Williamson v. Lunsford,* 119 Ga. App. 240 (166 SE2d 622). Thus the dismissal of the complaint for failure to answer interrogatories operates as an adjudication on the merits under § 41 (b) of the CPA *absent the trial court's specifying to the contrary.* Hence, the plaintiffs are barred from reinstituting the suit. To hold otherwise would nullify the express provisions of § 41 (b) and would place a premium upon the default of the plaintiffs in failing to comply with the rules on answering interrogatories and failing to appear as in this case upon the hearing of the defendant's motion to compel answers. To permit the plaintiffs to renew would not only impede the judicial process, but would cause the defendant the unnecessary inconvenience of being again drawn into court to defend and meet the plaintiffs' claim on the merits or suffer a further like delay. This is not the intent of § 41 (b) of the CPA. What we hold here is consistent with *Code* § 110-503, for there has been an adjudication on the merits by operation of CPA § 41 (b). The plaintiffs also cite *Code* § 3-808, as amended, the so-called renewal statute. No question concerning the running of any statute of limitation is presented. Notwithstanding, this statute can have no application to the facts of this

case in view of our holding that the prior dismissal operates as an adjudication on the merits. *Chance v. Planters &c. Cooperative,* 219 Ga. 1, 4 (131 SE2d 541).

There was no error in the trial court's dismissal of the plaintiffs' renewed complaint.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

ARGUED SEPTEMBER 7, 1971—DECIDED OCTOBER 22, 1971.

*Peek, Whaley & Haldi, C. Glenn Stanford,* for appellants.
*Shoob, McLain & Jessee, Robert P. Wilson,* for appellee.