## 46797. MAXEY v. COVINGTON.

ARGUED JANUARY 7, 1972—DECIDED APRIL 12, 1972—
REHEARING DENIED MAY 4, 1972—

*Greer & Murray, Frank J. Klosik, Jr.*, for appellant.

*Phillip Slotin*, for appellee.

HALL, Presiding Judge. The issue on this appeal is whether the dismissal of the first action was an adjudication on the merits which would bar a subsequent action. Plaintiff relies upon *Code* § 110-503 which states that "a former recovery on grounds purely technical" shall not be a bar. Prior to the adoption of the CPA, a dismissal for failure of a plaintiff to comply with an order requiring answers to interrogatories was within the "purely technical" rule. *Floyd & Beasley Transfer Co. v. Copeland,* 107 Ga. App. 304 (130 SE2d 143). The defendant contends that the rule is changed under the CPA because *Code Ann.* § 81A-141 (b) expressly provides that this type of dismissal operates as an adjudication on the merits unless the trial court specifies to the contrary. See this court's holding in *Old South Investment Co. v. Aetna Ins. Co.,* 124 Ga. App. 697 (185 SE2d 584). See also the dicta in *Morton v. Retail Credit Co.,* 124 Ga. App. 728 (185 SE2d 777) referring to the effect of § 41 (b) on § 37 (d) and *Cranford v. Carver,* 124 Ga. App. 767 (186 SE2d 150).

*Code Ann.* § 81A-141 (b) provides generally that "for failure of the plaintiff . . . to comply with . . . any order of court, a defendant may move for dismissal of an action . . . ." The language is identical to Federal Rule 41 (b). Under the federal authorities, including the Supreme Court of the United States, the consequences of failure to comply with a request for interrogatories or any other discovery rules and orders made thereunder are governed by Rule 37 (*Code Ann.* § 81A-137). Societe Internationale &c. v. Rogers, 357 U. S. 197 (78 SC 1087, 2 LE2d 1255); 5 Moore's Fed-

eral Practice 1170, 1137-1140, § 41.14[1], § 41.12. "Neither Rule 41, nor inherent power, can be relied on as authority for dismissal of an action for noncompliance with a discovery order. Rule 37 is the exclusive source of authority for such a dismissal." 2B Barron & Holtzoff, Federal Practice and Procedure 135, § 916.

*Code Ann.* § 81A-137 (b) provides a range of sanctions which the court may impose for a party's failure to comply with an order to make discovery under subsection (a). Section 81A-137 (d) authorizes a dismissal or default judgment for wilful failure to be deposed or to answer interrogatories.

Here the plaintiff had failed to answer within the proper time and had filed no objections to the interrogatories. The court had before it a motion cast in such terms that it could have either ordered the answers to be made or, proceeding under subsection (d), held a hearing on the question of wilfulness and dismissed the action if it were found. The court chose the former course but also added a self-executing order of dismissal in the event the answers were not filed within the time provided. Federal case law and the well-known commentators on federal procedure clearly state that the drastic sanctions of dismissal and default cannot be invoked under Rule 37 except in the most flagrant cases—where the failure is wilful, in bad faith or in conscious disregard of an order. See the commentary and cited cases in 8 Wright & Miller, Federal Practice and Procedure: Civil § 2284 and 4A Moore's Federal Practice §§ 37.02[2] and 37.05. This court, construing subsection (d), has held the same way. *Smith v. Mullinax,* 122 Ga. App. 833 (178 SE2d 909). The Supreme Court has cautioned against the harsh application of this rule. *Millholland v. Oglesby,* 223 Ga. 230 (154 SE2d 194).

It is obvious that such a determination cannot be made in a prospective, self-executing order. A court cannot assume that a future failure will be unjustifiable. It must examine the circumstances retrospectively. This means affording an opportunity to explain the circumstances following the failure; which means, in turn, an express motion and notice to the party concerned.

An order of dismissal based on a finding of wilful failure can rightly have the effect of an adjudication on the merits, although Rule 37 does not expressly provide this. As a matter of policy, a deliberately obstructive or dilatory party should not be given another chance. However, a dismissal which does not involve any finding of wilfulness but which is merely an automatic action following a certain lapse of time falls within the "purely technical" rule of *Code* § 110-503 and cannot be considered an adjudication which would bar a subsequent action. The order here is analagous to the automatic dismissal for a five-year want of prosecution under *Code Ann.* § 81A-141 (e). We have held that such a dismissal is not an adjudication on the merits. *Kalin v. Pfarner,* 124 Ga. App. 816 (186 SE2d 365).

Defendant contends that the propriety of the order in the previous case cannot be considered since it was neither attacked nor appealed. This overlooks the necessity, when res judicata is pleaded, to look back to that which is claimed to be dispositive. If appellate courts merely presumed that former orders or judgments were made on the merits, the results would be unvarying. There would also be no body of case law construing § 110-503.

Although not legally conclusive, it is worth noting that the same judge who entered the order in the first case also denied the order to dismiss this case. We may infer that he did not consider the prior dismissal to be based on the kind of circumstances which should preclude another action.

The court did not err in denying the motion to dismiss.

*Judgment affirmed. Bell, C. J., Eberhardt, P. J., Quillian and Clark, JJ., concur. Evans, J., concurs specially. Pannell and Deen, JJ., dissent. Stolz, J., not participating.*

EBERHARDT, Presiding Judge, concurring. In joining the majority opinion I wish to add that in my judgment the facts relative to the failure of the plaintiff to answer the interrogatories would have authorized a finding by the court of wilfulness. But there was no such finding or determination made.

EVANS, Judge, concurring specially. In *O'Kelley v. Alexan-*

*der,* 225 Ga. 32 (165 SE2d 648) the Supreme Court of Georgia had for consideration a situation wherein the plaintiff had dismissed his suit; had re-filed without paying costs of court; and the second action was dismissed for failure to pay the costs; and then plaintiffs re-filed the same action between the same parties a third time, and on motion of defendant the third action was dismissed, apparently under the provisons of Sec. 41 (b) of the Civil Practice Act (*Code Ann.* § 81A-141 (b); Ga. L. 1966, pp. 609, 653). The Supreme Court holds such dismissal was not a dismissal "on the merits," despite the language of *Code Ann.* § 81A-141 (b), to wit: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this section, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, *operates as an adjudication upon the merits.*" (Emphasis supplied.) It was pointed out that *Code* § 110-503 was not repealed by the Civil Practice Act and that it must be given effect, its language being as follows: "A former recovery on grounds purely technical, and *where the merits were not and could not have been in question,* shall not be a bar to a subsequent action brought so as to avoid the objection fatal to the first. *For the former judgment to be a bar, the merits of the case shall have been adjudicated.*" (Emphasis supplied.) Stated another way, The Supreme Court here says that even though the Civil Practice Act tried to include a great number of adjudications as "adjudications on the merits," unless the merits were *actually adjudicated,* the Civil Practice Act was simply "spinning its wheels."

As an additional reason for specially concurring with the majority opinion, *Code* § 38-1204 (Ga. L. 1889, p. 87) has not been repealed by the Civil Practice Act, and failure to properly respond to discovery may be penalized thereunder by dismissal of plaintiff's case; and I am unable to find any authority which holds that dismissal under that statute is an "adjudication on the merits." To the contrary, see *Floyd & Beasley Transfer Co. v. Copeland,* 107 Ga. App. 304 (130

SE2d 143). There is nothing in the judge's order which shows whether he was proceeding under *Code* § 38-1204 or under *Code Ann.* § 81A-141.

PANNELL, Judge, dissenting. This is an appeal from the ruling of the trial judge finding against a plea of res judicata filed in the second bringing of the identical action between the parties, the plea being based upon a judgment rendered in the first case dismissing the first action because of failure of the plaintiff to answer interrogatories, the contention of the appellant being that the order of dismissal was one "upon the merits" under the provisions of Section 41 of the Civil Practice Act (*Code Ann.* § 81A-141). Paragraph (b) of that Section provides in part: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, or for improper venue, or for lack of an indispensable party, operates as an adjudication upon the merits." There is no contention that the dismissal in the first case, pleaded as res judicata, was for lack of jurisdiction, or improper venue, or for lack of an indispensable party.

The headnote of the majority opinion indicates the defendant in the first case failed to move for dismissal, upon the failure of the plaintiff to answer the interrogatories propounded by the defendant. A reading of the record in that case introduced in evidence here discloses that on the contrary the defendant did exactly that. We quote his motion as follows:

"1. That heretofore, on the 21 day of April, 1970, petitioner, pursuant to the provisions of Section 81A-133 of the Code of Georgia Annotated, did serve upon the plaintiff in said case, written interrogatories.

"2. The said plaintiff has failed and refused to answer interrogatories of your defendant as is required by law.

"3. The refusal of the said plaintiff to answer said interrogatories as is required by law *was without justification.*

"4. *An order should be entered herein directing the said plaintiff to answer said interrogatories* as is required by law

and for the payment to petitioner the amount of reasonable expenses incurred in obtaining said order, including reasonable attorney's fees, after the said plaintiff has been served with a copy of this application, and a rule thereon fixing a time and place of hearing.

"5. *The order should further direct dismissal of the plaintiff's petition on failure to answer said interrogatories as is required by law within the time allowed by the court after the court orders the said interrogatories answered.*

"Wherefore, petitioner prays:

"(a) That an order be entered requiring said plaintiff to answer said interrogatories as is required by law *and directing dismissal of his petition on failure to answer* within the time allowed, and ordering plaintiff to pay the amount of the reasonable expense of obtaining said order, including reasonable attorney's fees, and to this end a rule nisi issue requiring him to show cause at such time and place as fixed by the court why said prayer should not be granted.

"(b) That such other and further order be entered at said hearing as is meet and proper under the statute in such cases made and provided."

A rule nisi was issued and served upon the plaintiff. On July 8, the trial judge entered the following order:

"The above and foregoing matter having come on regularly to be heard and it appearing to the court that on the 20th day of April, 1970, that defendant did serve upon the plaintiff written interrogatories to which the plaintiff has not responded, and that on the 9th day of June, 1970, defendant did file and serve upon the plaintiff a motion to compel answers to defendant's first interrogatories to plaintiff, and it further appearing to the court that said interrogatories have not been answered,

"It is hereby ordered and adjudged that plaintiff fully and completely respond to defendant's first interrogatories to the plaintiff by August 7, 1970.

"It is further ordered and adjudged that upon the failure of plaintiff to fully and completely respond to defendant's first interrogatories to the plaintiff by August 7, 1970, *that*

*plaintiff's complaint will stand dismissed."* A subsequent order was entered reading as follows:

"By consent of both parties, the time for answer of defendant's first interrogatories is hereby extended for two (2) weeks, or until August 21, 1970.

"If said interrogatories are not answered by that time, plaintiff's complaint will stand dismissed." (Emphasis supplied.) The orders here appear on their face to be orders of dismissal for failure to answer interrogatories, and since there is no provision to the contrary in the order, it is, under Par. (d) of Section 41 of the Civil Practice Act, one dismissing the action "on the merits."

The majority attempts to sustain its position based on two unsustainable premises: (a) Another motion must be made since the trial judge, after a hearing seeking dismissal for a wilful failure to answer, granted a grace period for answering with pain of automatic dismissal upon that failure to do so, therefore, the dismissal on the merits was unauthorized; and (b) that the provisions of Section 41 of the Civil Practice Act that dismissal shall be on the merits unless the trial judge otherwise specifies in his order, has no application to a motion of dismissal because of failure to file answers to interrogatories under Section 37 of the Civil Practice Act. We will discuss these contentions in their order.

■ Whether the orders were erroneously entered is not before this court for decision. There has been no appeal from these orders and in the absence of a direct attack thereon, or an appeal therefrom, we must assume they were correctly entered upon a showing of wilful refusal in the first instance. However, even if no wilful refusal were shown, the dismissal, with prejudice, is res judicata. We have here no transcript of the evidence adduced at this hearing upon which the orders were based. Even if we had such evidence before us in the present case, we could not reverse or overturn that order in a case which is not before us on appeal, and which has become final and binding between the parties. It is not necessary to look behind the

order and "back to that which is claimed to be dispositive" as the majority claims it is doing, as Rule 41 makes this order "dispositive" of the case on its merits, and for the same reason no presumption must be indulged in to determine that the judgment was "on the merits," as the majority infers this dissent is doing. I find no analogy between the dismissal for failure to answer interrogatories here, and a dismissal for lack of prosecution under Section 41 (e) of the Civil Practice Act. The court had jurisdiction of the subject matter and the order is not void on its face (see CPA § 60; *Code Ann.* § 81A-160), so we are bound to apply the provisions of Section 41 of the Civil Practice Act. We are not free to *reverse* a judgment of the trial judge in a case which is not before us for review.

█ The first sentence in Section 41 (b) of the Civil Practice Act reads: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, the defendant may move for dismissal of an action or any claim against him." Because of the authority asserted by the majority to the effect that a *motion to dismiss* for failure to comply with the rules relating to answering an interrogatory is not maintainable under this portion of Section 41 (b), the majority infer that the last sentence in Section 41 (b) relating to the effect of dismissal does not apply to dismissals under Section 37. The last sentence of Section 41 (b) reads: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision *and any dismissal not provided for in this rule,* other than a dismissal for lack of jurisdiction, or for improper venue, or for lack of an indispensable party, operates as an adjudication upon the merits." It seems fairly obvious from reading this provision that the effect of a dismissal, as provided for in Section 41 (b), applies to any dismissals, whether the dismissal is had under Section 41 (b) or had under some other section of the rule.

"[T]he thrust of the last sentence of Rule 41 (b) is to make an order of dismissal a dismissal with prejudice. Thus, the last sentence of Rule 41 (b) provides that, unless the court otherwise specifies, a dismissal under Rule 41 (b)—i.e., a

dismissal on defendant's motion for plaintiff's failure to prosecute, or to comply with the rules or any order of court, or for failure to prove a claim—and any dismissal not provided for in Rule 41—other than a dismissal for lack of jurisdiction, or for improper venue, or for lack of an indispensable party—operates as an adjudication on the merits." 5 Moore's Federal Practice (2d Ed.), p. 1169 § 41.14[1]. For cases showing that dismissals under other rules or sections are governed by this last sentence in Rule 41 (b) see American National Bank & Trust Co. of Chicago v. United States (App. DC 1944) 142 F2d 571, 7 FR Serv 41b.33, Case 1; Hicks v. Bekins Moving & Storage Co. (CCA9th, 1940) 115 F2d 406, 4 FR Serv 41b.11, Case 1.

That the same judge who entered the order in the first case denied the motion to dimiss here has nothing whatsoever to do with the ruling here. Where the order does not specify that it is without prejudice, it cannot be modified by extrinsic evidence as to what the court intended. American National Bank & Trust Co. v. United States, 142 F2d 571, supra.

This case is controlled by *Old South Investment Co. v. Aetna Ins. Co.,* 124 Ga. App. 697 (185 SE2d 584); *Cranford v. Carver,* 124 Ga. App. 767 (186 SE2d 150).

In my opinion, the trial court erred in not sustaining the plea of res judicata and dismissing the complaint.

I am authorized to state that Judge Deen concurs in this dissent.

DEEN, Judge, dissenting. I think this appeal poses a much narrower question than would be indicated from either the majority opinion or from Judge Pannell's dissent, that is, whether the order in this case was self-executing. The statute is unambiguous that *where* there is an order of dismissal of a petition "for failure to comply with . . . any order of court" the judgment must be considered as one on the merits, preventing a refiling of the action, "unless the court in its order for dismissal otherwise specifies." *Code Ann.* § 81A-141 (b). It is obvious that this order does not so specify, and therefore the only question left for discussion

is whether an order that the petition is "dismissed" and a purported self-executing order of automatic dismissal on failure to do an act in the future are one and the same thing in their legal consequences. They have always been held to be so. A specific example is the many decisions of Georgia appellate courts that an order to the effect that a general demurrer be sustained with a stated number of days in which to amend, the petition to "stand dismissed" on failure to amend within the time limited, is automatic, self-executing, and a final judgment. *Smith v. Atlanta Gas-Light Co.,* 181 Ga. 479 (2) (182 SE 603); *Gamble v. Gamble,* 193 Ga. 591 (19 SE2d 276); *Peacock Constr. Co. v. Chambers,* 223 Ga. 515 (1) (156 SE2d 348); *Hayes v. Simpson,* 83 Ga. App. 22 (62 SE2d 441). If this is true, there is no difference between an order dismissing the petition in presenti and one declaring that the petition stands dismissed upon failure, within a stated number of days, to cure the defect pointed out. Therefore, this case is controlled in all particulars by *Old South Investment Co. v. Aetna Ins. Co.,* 124 Ga. App. 697, supra.

The real difficulty, of course, lies in the fact that whereas in most prior adjudications the question of whether the merits had in fact been passed upon was left to the court to determine, as it should be (*Code Ann.* § 81A-141 (b)), however, contains the legislative proviso that the court must consider the decision as one operating on the merits (even if it obviously is not) unless the trial judge in the prior case so noted. But since it is within the legislative scope to determine under what circumstances a litigant will be allowed to refile a complaint, this court should take the law as it finds it. While I am most sympathetic to and would like to be associated with the majority view, I am constrained by these considerations to concur in the dissent.