## 47594. DELTA EQUITIES, INC. v. BERRY.

QUILLIAN, Judge. The plaintiff filed a claim against the defendant to foreclose a laborer's lien. The defendant answered the petition but failed to respond to interrogatories within the time provided by law. The plaintiff then filed a motion regarding defendant's failure to respond to interrogatories, praying that all of the pen-

alties provided by law be assessed against the defendant and specifically praying that its answer be stricken and that the case be declared in default or, in the alternative, that a complete response to said interrogatories be required of defendant and that plaintiff be granted reasonable attorney's fees in prosecuting his motion. Thereafter, on the date set in the rule signed by the court in connection with the aforesaid order, the court ordered the defendant to serve upon the plaintiff answers to his interrogatories on or before April 3, 1972. The order further provided that if defendant should fail to comply with that order, the court would rule upon plaintiff's motion seeking to assess penalties for failure to answer interrogatories.

The defendant on April 3, 1972, filed answers to all but seven of the interrogatories. On that same day with no additional notice the court entered an order striking and dismissing the defendant's answer. The defendant appealed and the case is here for review. *Held:*

In *Maxey v. Covington,* 126 Ga. App. 197, 199 (190 SE2d 448), a case very similar to the case sub judice, this court held: "*Code Ann.* § 81A-137 (b) provides a range of sanctions which the court may impose for a party's failure to comply with an order to make discovery under subsection (a). Section 81A-137 (d) authorizes a dismissal or default judgment for wilful failure to be deposed or to answer interrogatories. Here the plaintiff had failed to answer within the proper time and had filed no objections to the interrogatories. The court had before it a motion cast in such terms that it could have either ordered the answers to be made or, proceeding under subsection (d), held a hearing on the question of wilfulness and dismissed the action if it were found. The court chose the former course but also added a self-executing order of dismissal in the event the answers were not filed within the time provided. Federal case law and the well-known commentators on Federal procedure clearly state that the drastic sanctions of dismissal and default cannot

be invoked under Rule 37 except in the most flagrant cases—where the failure is wilful, in bad faith or in conscious disregard of an order. See the commentary and cited cases in 8 Wright & Miller, Federal Practice and Procedure: Civil § 2284 and 4A Moore's Federal Practice §§ 37.02 (2) and 37.05. This court, construing subsection (d), has held the same way. *Smith v. Mullinax,* 122 Ga. App. 833 (178 SE2d 909). The Supreme Court has cautioned against the harsh application of this rule. *Milholland v. Oglesby,* 223 Ga. 230 (154 SE2d 194). It is obvious that such a determination cannot be made in a prospective, self-executing order. A court cannot assume that a future failure will be unjustifiable. It must examine the circumstances retrospectively. This means affording an opportunity to explain the circumstances following the failure; which means, in turn, an express motion and notice to the party concerned."

It is clear from the holding in the *Maxey* case that where the trial judge elects not to have a hearing on wilfulness but decides to order that answers to the interrogatories be made he must afford an opportunity to explain the circumstances surrounding the failure to comply with his order. This would include a motion and notice to the party involved.

While the order in the *Maxey* case was self-executing, the same principle would apply here because the order of dismissal of the answer was entered without notice to the defendant.

*Judgment reversed. Hall, P. J., and Pannell, J., concur.*
ARGUED OCTOBER 4, 1972 — DECIDED NOVEMBER 20, 1972.

*Dunaway, Shelfer, Haas & Newberry, Hugh F. Newberry, Ben Swain McElmurray, Jr.,* for appellant.

*Burnside, Dye & Miller, Thomas R. Burnside, Jr., A. Montague Miller,* for appellee.