### 47687. MORTON v. RETAIL CREDIT COMPANY et al.

CLARK, Judge. This appeal is from a judgment sustaining a res judicata plea to a libel suit which plaintiff Morton had re-filed after a dismissal had occurred of his first action. The first dismissal had been in the nature of sanctions imposed by the trial court under Code Ann. § 81A-137 because of plaintiff having wilfully failed to file timely answers to interrogatories which defendants had propounded to him. That previous dismissal was affirmed by this court in 124 Ga. App. 728 (185 SE2d 777) with certiorari having been denied by the Supreme Court.

The laws on discovery were substantially amended this past year. Ga. L. 1972, pp. 510-535. However, this case must be decided under the law in existence prior to the 1972 amendment. In three whole court cases we have held that the harsh sanctions of dismissal, default, or the striking of pleadings under former Code Ann. § 81A-137 are applicable only upon a showing that the failure to make discovery was wilful and a dismissal

cannot operate as an adjudication on the merits unless the court has found that the failure was wilful. *Maxey v. Covington,* 126 Ga. App. 197 (190 SE2d 448); *Leonard Bros. &c. Co. v. Crymes Transports,* 124 Ga. App. 341 (2) (183 SE2d 773); *Smith v. Mullinax,* 122 Ga. App. 833 (178 SE2d 909). In the present case, the defendant's motion to dismiss alleged that plaintiff's failure to file answers to defendant's interrogatories was wilful. There was a hearing and the court entered an order sustaining defendant's motion; thus, in effect making a finding of wilful failure. See *Old South Investment Co. v. Aetna Ins. Co.,* 124 Ga. App. 697 (185 SE2d 584).

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

ARGUED JANUARY 4, 1973 — DECIDED FEBRUARY 7, 1973 — REHEARING DENIED MARCH 8, 1973 —

*J. R. Cullens, J. Willis Conger,* for appellant.

*Hansell, Post, Brandon & Dorsey, Hugh M. Dorsey, Jr., W. Rhett Tanner, Lokey & Bowden, Hamilton Lokey, Gerald F. Handley,* for appellees.