## 47733. ZAUN v. NOBLES.

BELL, Chief Judge. In this case a prior action between the same parties for the same claim was dismissed by the trial court for the plaintiff's failure to prosecute and to make discovery. In the instant case the defendant defended on the grounds that the dismissal of the prior suit was res judicata. Where, as here, it appears that a prior dismissal of the case was involuntary under CPA Section 41 (b) (Code Ann. § 81A-141 (b)) and the trial court did not specify that the dismissal would not operate as an adjudication on the merits, the dismissed suit acts as res judicata on the subsequent suit. *Old South Invest. Co. v. Aetna Ins. Co.,* 124 Ga. App. 697 (185 SE2d 584).

*Judgment affirmed. Quillian, J., concurs. Deen, J., concurs specially.*

SUBMITTED JANUARY 2, 1973 — DECIDED APRIL 3, 1973 — REHEARING DENIED APRIL 20, 1973 — ▮

*Edward Parrish,* for appellant.

*Young, Young & Ellerbee, O. Wayne Ellerbee,* for appellee.

DEEN, Judge, concurring specially. The case of *Old South Invest. Co. v. Aetna Ins. Co.,* 124 Ga. App. 697 (185 SE2d 584) was cited in the majority opinion as well as in the two dissenting opinions in *Maxey v. Covington,* 126 Ga. App. 197 (190 SE2d 448) and in the recent case of *Morton v. Retail Credit Co.,*128 Ga. App. 446. *Old South,* supra, sets out the correct view under the statute, and has not been overruled, yet I must acknowledge there appears to be some inconsistency in the result of that case and in the holding obtained in *Maxey,* supra.