## 49091. BOLES v. BANNISTER.

QUILLIAN, Judge.

The appellant filed a complaint which alleged that through the negligent operation of a motor vehicle by the appellee, plaintiff had been injured. It was further alleged that the same cause of action had previously been before the court, and although dismissed, such dismissal had been without prejudice and that the appellant would be entitled under the law, upon payment of accrued costs in the previous action, to bring the second suit.

The appellee filed his defensive pleadings providing among his defenses that a dismissal in a prior action between the parties based upon the appellant's wilful refusal to make discovery had operated as an adjudication upon the merits by virtue of the dismissal being an involuntary one under Code Ann. § 81A-141 (b) (Ga. L. 1966, pp. 609, 653), and that the issues before the court were therefore res judicata. A copy of the previous order of dismissal was attached to appellee's defensive pleadings.

Subsequent to the filing of the answer the appellee filed a motion to dismiss which was granted. It was from that order that an appeal was taken. *Held:*

1. The order of dismissal in the previous case stated that there was a "wilful refusal to make discovery." Under that which was held in *Zaun v. Nobles,* 128 Ga. App. 846 (198 SE2d 326), this dismissal would operate as an adjudication on the merits and act as res judicata. *Old South Investment Co. v. Aetna Ins. Co.,* 124 Ga. App. 697 (185 SE2d 584). What is held herein is not in conflict with *Maxey v. Covington,* 126 Ga. App. 197 (190 SE2d 448); *Kalin v. Pfarner,* 124 Ga. App. 816 (186 SE2d 365); *Morton v. Retail Credit Co.,* 128 Ga. App. 446 (196 SE2d 902), because in those cases the order did not state that the failure to make discovery was wilful.

2. The appellant has made a motion in this court that the entire record of Civil Action No. 6940 in the Superior Court of Colquitt County be added to the record in this case. The record requested was the action in which the judgment was entered upon which the appellee relies as being res judicata as to the present case.

The record of Case No. 6940 not having been included in the record of the present case in the superior court, this court will not go beyond the record and have additional outside material transmitted to this court.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED FEBRUARY 5, 1974 — DECIDED MARCH 14, 1974.

*Kunes & Kunes, G. G. Joseph Kunes, Jr., G. Gerald Kunes,* for appellant.

*Watson, Spence, Lowe & Chambless, Thomas S. Chambless, William C. Peters,* for appellee.