49447. MASTER MORTGAGE CORPORATION v.
CRAVEN et al.
49448. WALRAVEN et al. v. CRAVEN et al.

WEBB, Judge.

This is an appeal from a judgment of the superior court ordering Master Mortgage Corporation and the trustees of its liquidating trust to produce for Robert Craven's inspection, pursuant to Business Corporation Code, § 22-613, various corporate books and records. *Held:*

1. In a prior appearance of this case, *Master Mortgage Corp. v. Craven,* 127 Ga. App. 367 (193 SE2d 567), we held that a prior order of the superior court allowing inspection of the records was too broad and sweeping in certain respects and that the superior court erred in not restricting the stockholder's requests to relevant categories and reasonable time periods. Upon remand Craven filed a verified motion praying for an order for inspection to conform to our opinion and judgment. The trial court granted the motion in part, but restricted the request for inspection in various particulars. In this appeal from the latter order, appellee Craven contends that many of the issues raised by appellants here were raised in the first appeal, and consequently that our prior decision is the law of the case as to such issues. We proceed first, then, to consider the effect of our prior ruling.

(a) "[A]ny ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." Code Ann. § 81A-160 (h). See also *Medlock v. Allison,* 224 Ga. 648, 649 (164 SE2d 112); *Singleton v. Rary,* 119 Ga. App. 559 (1) (167 SE2d 740).

(b) Appellants contend that since Craven transferred his stock to the corporation's liquidating trust on November 3, 1971, he was no longer a stockholder and lost all right to inspection under both the common law and Business Corporation Code, § 22-613. However, this identical issue was raised in the prior appeal, where error was enumerated as follows: "In said December 20, 1971 order, the court erred in failing to find

that Craven, having transferred his stock in blank to trustees under the 10-23-71 liquidation trust agreement, does not have sufficient interest to have the standing of a stockholder for the purposes of examining the documents of a corporation." In the prior appeal this court did not pass directly upon this point, but implicit in that opinion is a holding that Craven retained a beneficial interest and contingent reversionary interest in his stock held in trust for him under the liquidating trust agreement which was sufficient to support his standing to seek inspection and to prevent the case from becoming moot. By adjudicating the extent to which Craven's right to inspection applied, we necessarily adjudicated that he had the right to such inspection. Otherwise there would have been no necessity for us to rule upon the scope of the inspection sought. We are accordingly bound by the prior decision in this case. See 18 AmJur2d 711, Corporations, § 182; Texas Infra-Red Radiant Co. v. Erwin, 397 SW2d 491 (Tex. Civ. App.); McCormick v. Statler Hotels Delaware Corp., 55 Ill. App. 2d 21 (203 NE2d 697).

(c) In the prior appeal, we held that items 5, 8, 9 and 10 of Craven's demand for inspection were overly broad in scope and that other items which materially antedated Craven's initial stock purchases were not reasonable as to time. The order appealed from limits inspection to records covering the period of time Craven actually held his stock and hence falls within our prior ruling as to the time limitation. Likewise, we previously held that bank statements, canceled checks and other bank records (item 4) falling within this time period were not too broad and were the proper subject of inspection.

(d) Here, as we held in the prior appeal, "We must assume in favor of the order that the court was at least implicitly convinced that the plaintiff is in good faith, has not improperly used information secured through prior examinations, and is acting for a proper purpose in making the demand."

(e) Business Corporation Code, § 22-613 (b), establishes the shareholder's basic right of inspection upon giving written demand to the corporation. "Shareholders are protected from arbitrary denial of

their right to inspect the corporate books by subsection (d), which provides, in effect, for judicial review of a refusal by a corporation to allow inspection ... The order for inspection may be restricted or limited as the court may see fit." Business Corporation Code, § 22-613, Committee Comment. Under the scheme set forth in this section, we can find no requirement that the shareholder must begin anew by making another demand upon the corporation when the appellate court finds that the superior court did not sufficiently restrict or limit the right to inspection. In the prior appeal we specifically ruled as to the manner in which the inspection should be restricted and limited, in effect reversing with direction, and we find no error in granting Craven's motion to enter an order to conform to our prior opinion without making another demand upon the corporation.

2. The trustees of the corporation's liquidating trust complain that they were not properly made parties by virtue of Craven's motion and rule nisi issued thereon, service of which they acknowledged. The liquidating trust agreement was entered into between the corporation and the trustees on October 23, 1971, which was subsequent to Craven's demand for inspection upon the corporation on August 11, 1971, his application for the section 22-613 remedy filed on September 9, and the first order for inspection of September 24. Under the liquidating trust agreement, the trustees received all assets of the corporation in trust for the stockholders of the corporation, which assets were to be liquidated and distributed to them. The trustees replaced the corporation's board of directors in the management of the corporation's affairs, and thus succeeded to the control of the corporation subject to Craven's prior demand for inspection and the proceedings instituted to enforce his right to inspection. Having previously made the demand upon the corporation and instituted the proceedings, there was no requirement that Craven make a new demand upon the trustees and institute separate proceedings against them when the liquidating agreement was entered into and the corporate books and records were transferred to them.

Moreover, the trustees participated in the hearing

below without invoking a ruling on paragraph 1 of their response, which alleged that they were not proper parties, and they will not be heard to complain of it now.

3. Constitutional questions sought to be raised for the first time on appeal will not be considered. *Bourn v. Herring,* 225 Ga. 67 (1b) (166 SE2d 89).

4. Remaining contentions and enumerations of error are without merit.

*Judgment affirmed. Pannell, P. J., concurs. Evans, J., concurs in the judgment only.*

ARGUED MAY 30, 1974 — DECIDED JUNE 25, 1974 — REHEARING DENIED JULY 15, 1974 — 

*Strother & Weiner, Beryl H. Weiner,* for Master Mortgage.

*Rolader, Barham, Davis, Graham & McEvoy, D. W. Rolader,* for Walraven.

*John K. Dunlap,* for appellees.