## 51922. LEE v. MORRISON.

PANNELL, Presiding Judge.

This case was an action by plaintiff-appellee against defendant-appellant, seeking recovery of damages to a truck and compressor resulting from a collision between the truck and an automobile driven by the defendant. The defendant answered and counterclaimed. On August 19, 1974, plaintiff sought answers to interrogatories by the defendant and upon defendant's failure to answer, plaintiff on December 10, 1974, sought and procured an order to compel answers under Section 37 (d) of the Civil Practice Act (Ga. L. 1966, pp. 609, 650; 1967, pp. 226, 235; 1970, p. 157; 1972, pp. 510, 530; Code Ann. § 81A-137(d)); the court setting the matter for a hearing on December 27, at which time the court ordered defendant to file answers

to the interrogatories by January 11, 1975. On February 5, 1975, because of the failure of the defendant to file the required answers to the interrogatories, the plaintiff moved to dismiss the answer and the counterclaim of the defendant. The following day, February 6, 1975, answers to the interrogatories were filed by the defendant. After arguments had on February 14, 1975, the court, on February 24, 1975, signed an order dismissing the answer and counterclaim which was filed on February 25, 1975. No protective order was ever sought nor were any objections filed to the interrogatories by the defendant. After a trial by jury as to the damages, a verdict was returned for the plaintiff. The defendant appealed, alleging error upon the part of the trial court (1) in failing to grant the defendant's motion for directed verdict on the grounds the plaintiff was not the real party at interest, and (2) in charging the jury in an ex delicto default trial that the jury must find for the plaintiff in some amount, and (3) in granting the motion of the plaintiff to strike defendant's answer and counterclaim and entering a default against the defendant, because of his failure to file answer to the interrogatories as required.

1. Enumeration of error No. 3 being controlling as to some of the other questions involved will be passed upon first.

As to this, we are controlled by the decision of the Supreme Court in *Swindell v. Swindell,* 233 Ga. 854 (213 SE2d 697). In that case the interrogatories were filed and served on August 7, 1974, and by consent of the parties, the time for answering was extended one week. Upon the failure to file answers to the interrogatories within the extended time, the plaintiff on September 7, 1974, moved for an order requiring the filing of answers. A hearing was had on September 25, 1974, and the trial judge ordered the defendants to answer the interrogatories within 10 days thereafter. Upon failure to comply with this order, the plaintiff moved for sanctions on October 8, and rule nisi was issued. The defendants filed answers to the interrogatories on October 11, 1974, although answers of one defendant were not served upon plaintiff. On October 23, 1974, one of the defendants interposed an answer to the motion for sanctions and testified at the hearing

which was held on October 24, 1974, and an order was entered striking the pleadings on October 25, 1974. In both the present case before this court and in the *Swindell* case, the various motions and orders were served upon the attorneys for the defendants. We find no material differences in the *Swindell* case and the case before this court.

Whether or not the order imposing the sanctions must recite that the failure of the defendant to answer interrogatories was wilful (compare, *Maxey v. Covington,* 126 Ga. App. 197 (190 SE2d 448); *Morton v. Retail Credit Co.,* 128 Ga. App. 446 (196 SE2d 902)), the statement in the order here and the finding by the trial judge that the defendant "ignored" the order of the court requiring an answer by January 11, 1975 was a sufficient finding of wilfulness to support the order of sanctions. Webster's New International Dictionary, Second Edition, defines "ignore" as follows: "To refuse to take a notice of; to shut the eyes to; not to recognize; to disregard willfully . . ." In the light of the nature of the proceeding and the requirements of law that the failure to answer the interrogatories must be wilful before sanctions are imposed, as were here imposed, it is our opinion that the use of the word "ignore" complies with this requirement. See *Swindell v. Swindell,* 233 Ga. 854, supra. We quote from page 857 of that case: "[w]here a motion for sanctions is brought under Code Ann. § 81A-137 (b) (2) for a party's failure to comply with an order compelling answers, the existence or nonexistence of wilfulness should be considered not only in the context of the time period prescribed in the order compelling answers, but in the context of the entire period beginning with service of interrogatories and ending with service of answers. Events transpiring during this entire time period are probative of whether appellant acted with 'conscious indifference to the consequences of failure to comply' with the order compelling answers.

"The present record shows that answers were not served until 65 days after the interrogatories were served, well beyond the 30-day period prescribed in Code Ann. § 81A-133 (a). The record indicates that appellant had been on vacation and had failed to communicate with his trial

counsel until the order compelling answers issued, and it was not until then that he began to make a diligent effort to finally complete and file answers. There was, therefore, some evidence upon which the trial court's finding was based, and it did not abuse its discretion in striking defenses and entering default judgment."

In the present case 79 days transpired from the serving of the interrogatories and the filing of answers thereto.

The trial judge, in view of the record, was authorized to dismiss the defendant's pleadings placing the case in default, and we find no abuse of discretion in so doing.

The *Swindell* case puts to rest some of the differences in prior decisions of this court but not as to others, but is controlling under the record in the present case; we accordingly affirm the trial judge in this respect.

As to prior decisions, related to the question of sanction, compare *Smith v. Mullinax,* 122 Ga. App. 833 (3) (178 SE2d 909); *Carter v. Merrill Lynch, Pierce, Fenner & Smith,* 130 Ga. App. 522 (3) (203 SE2d 766) and *Smith v. Byess,* 127 Ga. App. 39 (1) (192 SE2d 552) cited in Division 3 of the *Swindell* case, supra.

Compare *Maxey v. Covington,* 126 Ga. App. 197, supra, requiring a specific finding of wilfulness as its equivalent in an order of sanctions, with *Morton v. Retail Credit Co.,* 128 Ga. App. 446, supra, holding the issuance of the order, in effect, was a finding of wilfulness. See *Hobbs v. New England Ins. Co.,* 212 Ga. 513 (2) (93 SE2d 653) holding that under Code § 38-1204 there is no authority to strike pleadings if the answer to interrogatories is before the court; explained and held not applicable in *Morton v. Retail Credit Co.,* 124 Ga. App. 728, 730 (185 SE2d 777).

2. Where a case is in default "the plaintiff . . . shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the petition were supported by proper evidence without the intervention of the jury, unless the action is one ex delicto, or involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury as to actions ex contractu, and before a jury as to

actions ex delicto with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect to such damages." Section 55 of the Civil Practice Act (Ga. L. 1966, pp. 609, 659; Code Ann. § 81A-155). Insofar as pertinent to the present case this section is substantially the same as the prior law. See Section 110-405 of the Code of 1933, and Section 18 of the Act of 1946 (Ga. L. 1946, p. 761, which consolidated several former Code sections and in Section 22 of the Act repealed Section 110-405 of the Code of 1933.)

By the defendant's failure to answer, or by the dismissal of its answer, the case is in default and the defendant is foreclosed as to all matters relating to the grounds of liability inhering in the action. *Gary v. Central of Ga. R. Co.,* 44 Ga. App. 120, 126 (4) (160 SE 716). See also *Lenney v. Finley,* 118 Ga. 427, 429 (45 SE 317). We quote as follows from that opinion: "While the business and property were not expressly and distinctly alleged to be the property of the plaintiff, yet the allegations as to the business and the property and the construction of the whole petition show clearly that the plaintiff was seeking to recover for damage done to the business and property as his. A careful reading of the petition leaves no doubt as to this. The defendant was still in default when the case came on for hearing, and the only issue for the jury was the amount of the damages to the business and property. Of course it is true that, by showing that the plaintiff did not own the business or property, the defendant would show that the plaintiff had not been damaged by the eviction. The same thing would be accomplished by showing that the plaintiff had never been evicted, or that there had never been any such business or property located at the premises described in the petition. As to things such as these the defendant was concluded. To show these things would be to make a defense which goes, not to the assessment of damages merely, but to the very right of recovery. Such a construction of the code would leave the defendant in as good position when he was in default as though he had answered, relatively to all the allegations of the petition. Indeed his position would be better; for the plaintiff would have no notice of the defense relied upon, or what allegations of the petition were

admitted and what denied. Such is not the intention of the default law. Under that law the amount of damages due has to be fixed by the jury even when the defendant is in default, but otherwise the allegations of the petition are to be taken as true. And 'upon the assessment of damages a defense which goes to the right of recovery can not be made.' 4 Cyc. 359. The issue for the jury was the amount of the damages, taking as settled the truth of the petition as to all other things. As between the plaintiff and defendant, for the purposes of this case, the ownership of the business and the property was settled and adjudicated by the judgment of default. This judgment concluded the defendant as to the question of ownership, and he could only contest the amount of damages to that business and that property without regard to its real ownership."

The fact that evidence may have been admitted without objection, which may have indicated the contrary, as to strictly legal title, would not alter the rule as the defendant is precluded from contesting the matter of liability. Section 15 (b) of the Civil Practice Act (Ga. L. 1966, pp. 609, 627; Code Ann. § 81A-115 (b)), which provides that "when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. . ." has no application to the situation in the present case where the defendant is concluded by the default from raising such an issue.

3. The complaint alleged the truck and compressor (on a trailer) were damaged and the amount thereof. While the defendant may contest the monetary amount of the damage he can not disprove there was any damage to the truck and compressor as, by default, he has admitted physical damage alleged but not the monetary amount thereof. See *O'Connor v. Brucker,* 117 Ga. 451 (2) (43 SE 731); *Pittman v. Colbert,* 120 Ga. 341 (1) (47 SE 948). It follows that where there is some evidence as to the monetary amount, the complainant is entitled to recover some amount, and a charge to that effect, if error, was harmless, particularly where the verdict here was not so small as to be merely "nominal" damage. We are not here concerned, however, with a charge as to nominal damage provided for in Code § 105-2001. See in connection with

338

nominal damages: *Jones v. Water Lot Co. of Columbus,* 18 Ga. 539; *Beverly v. Observer Pub. Co.,* 88 Ga. App. 490 (77 SE2d 80); *Myrtle Lodge No. 1663 v. Quattlebaum,* 207 Ga. 576, 579 (63 SE2d 365).

4. No error appearing, the judgment is affirmed.

*Judgment affirmed. Marshall, J., concurs. Evans, J., concurs in the judgment only.*

SUBMITTED MARCH 1, 1976 — DECIDED APRIL 5, 1976.

*Harold N. Wollstein,* for appellant.

*Smith, Shaw, Maddox, Davidson & Graham, Groze Murphy, J. Clinton Sumner, Jr.,* for appellee.